# Drake *versus* The Philadelphia and Erie Railroad Company.

1. A railroad company, in purchasing the right of way, bound itself by contract with the owner of land through which its road passed, to fence the road through his land. The company neglected to fence, and the owner's cattle being on his land, went upon ·the road and were killed by the engines. *Held*, that he could not recover damages for the injury in an action of tort.

2. The company having purchased the right of way for a fixed sum of money and an agreement to fence, the owner had no right to obstruct the road by allowing his cattle to roam upon it.

3. To render the defendants liable, it must appear that the disaster was *exclusively* their neglect; the plaintiff's cattle being on the road where they ought not to be, he could not recover.

4. Whether the plaintiff could recover for the loss of his cattle by an action on the contract, *not decided*.

ERROR to the Court of Common Pleas of *Erie county*.

This was an action on the case by Elias Drake against the Philadelphia and Erie Railroad Company, for killing a cow, heifer and horse of the plaintiff by running the locomotive engine ·of the defendants over them.

The defendants' road was constructed through the land of the plaintiff. The declaration alleged that the defendants were bound " by the laws of the state, or by their agreement, or by both, to erect and maintain fences on either side of the road through plaintiff's land," and in violation of law, and of their obligation to erect and maintain fences, they neglected and refused so to do, whereby the cattle, &c., of plaintiff were exposed to danger by the operation of the road, and the defendants so carelessly, &c., ran their locomotives as to kill a cow, horse and heifer of the plaintiff.

The cattle were killed as set out in the declaration, and there was evidence of an agreement by the company to build the fence.

The court below (Derrickson, A. J.) charged that the plaintiff had no right to allow his cattle to run at large upon the road, and that if there was an agreement to fence, a violation of it by the company did not justify the defendant in allowing his cattle to go on the prohibited ground ; that the omission of the company to keep their agreement would subject them to an action not in case but on the contract, and directed a verdict for the defendant.

This was the error assigned.

*John H. Walker*, for plaintiff in error.—The action on the contract would be unsafe, for but one action could be brought. This action is to redress a wrong of omission, for which an action sounding in tort lies : 1 Hilliard on Torts 2, 3. A breach of contract may be a wrong for which a party may sue in case : Id. 3, 4. Case will lie against a railroad company for damages sustained

[Drake *v.* Philadelphia and Erie Railroad Co.]

by omission to fence: Id. 30, 31; Conger *v.* Chicago and Rock Island Railroad Company, 15 Ill. 366. For breach of special contract, a party is not bound to resort to it, but may declare in tort on the ground of neglect of duty: Robinson *v.* Threadgill, 13 Ired. 39. When the object is to compel performance of an agreement, the action should be on the contract; when to recover damages for omission to comply with its requirements, the proper form is case: Chicago and Rock Island Railroad Company *v.* Ward, 16 Ill. 522. Lawton *v.* Fitchburg Railway Company, 8 Cush. 230, was to enforce the contract. A party has his election: 1 Hilliard on Torts 28. Railroad companies are liable for such injuries as here complained of by failure to perform their duty, whether imposed by general law or by their charter: Pierce on Railroads 334–352; Redfield on Railways 361.

*John P. Vincent,* for defendant in error.—Railroad companies are not liable for damages to cattle wandering on their road: Erie Railroad Company *v.* Skinner, 7 Harris 298.

The authorities referred to by plaintiff in error arose upon statutory obligations or laws differing from those of Pennsylvania.

The plaintiff does not claim to recover except by virtue of his contract, and if so his action must be *ex contractu,* not *ex delicto.*

The opinion of the court was delivered, January 15th 1866, by

THOMPSON, J.—The plaintiff's action is in *tort* against the company for neglecting to fence their road through his farm, which in his *narr.* he charges they were bound to do " by the laws of the state, or by their agreement, or by both," by reason whereof, it is further charged, " the cattle and horses of the plaintiff on his farm" were killed; to wit, two head of cow cattle and a mare. The principal question discussed on the argument was, whether an action on the case in *tort* would lie to redress the wrong complained of, there being a contract to fence. The court below held that the plaintiff could not recover as in *tort,* and was of opinion that he must sue on his contract.

It is undoubtedly true, that many cases occur in the reports in other states, in which the action in *tort* has been maintained against railroad companies for neglecting to fence, and the value of cattle killed has been recovered; but in almost all such cases, the duty to fence arose by *law* and not merely by contract. The duty in such a case is to the public in consideration of the privilege granted.

Since Skinner's Case, 7 Harris 298, it is settled that a railroad company, unless required by their charter, are not bound to fence; and yet whether the road pass through a man's fields or woodland, they are entitled to a free and clear track against the owner's or any other person's cattle. For the reasons for this ruling I refer

1 P. F. SMITH—16

[Drake *v.* Philadelphia and Erie Railroad Co.]

to the case itself, with the remark, that the public seem to have fully acquiesced in them, demanding no other rule since. It is directly ruled by this case, that if cattle, while straying or roaming on a railroad, are accidentally, not wantonly killed by passing trains, the owner cannot recover for them.

The reason is that they are unlawfully there—are trespassers; and if injury befall them while so trespassing, it is the fault of their owner in not restraining them. If he permit them to roam, he must take the risk of all loss by accident: Knight *v.* Abert, 6 Barr 472. It is true, in this state, cattle are not treated as trespassers on unenclosed fields or woodlands; rather because of the inappreciable damage that would be sustained, than from any change in the common law. "But if such an intrusion," says the learned judge in Skinner's Case, "would occasion substantial damage, the English rule would be applicable to it, on the principle that the owner of a bull which has gored another's ox must pay for it;" hence, the learned judge holds that cattle on a railroad are trespassers, and for any substantial injury they might do the owner is liable, although there be no fences; and as a result of his negligence, he cannot recover if they be injured by accident, being where they ought not to be: Knight *v.* Abert, *supra,* fully supports this view.

The loss of the cattle in this case is charged, not to wilfulness or negligent conduct in running trains, but to the neglect of the company in not fencing according to their contract. This is laid as the *causa causans,* the remote cause; the proximate cause was undoubtedly the running of the trains. But could not the company run their trains without having fenced, in accordance with their contract? They purchased the right to pass through the plaintiff's lands for a fixed sum of money and an agreement to fence: after the plaintiff thus sold his right of way, he had no right to obstruct it by allowing his cattle to roam and browse upon it. This would be entirely incompatible with the right the law gives to the company to a clear track, as held in Skinner's Case, and would subject the public to the dangers and risks arising out of a relation between the company and an individual which might be disastrous to life and property. To avoid such results is the merit of Skinner's Case. It was the duty of the plaintiff, therefore, to keep his cattle off the plaintiff's road at the risk of losing them; but the opposite of this is what he contends for, by claiming as the *gravamen* of his action, that the cattle were killed on the road by reason of the neglect of the defendant to fence. This necessarily assumes the ground that having a contract to fence, care on his part to prevent his cattle trespassing on the road no longer existed. This the learned judge below properly denied, and in substance told the jury that the wrong of the defendant in not fencing would neither authorize nor justify a

[Drake *v.* Philadelphia and Erie Railroad Co.]

wrong on part of plaintiff, not only towards the defendant, but to the travelling public, by permitting obstructions in the road by his cattle and horses. "A railway company is a purchaser," says Gibson, C. J., in Skinner's Case, "in consideration of pub lic accommodation and convenience, of the *exclusive* possession of the ground paid for to the proprietor of it, and of a license to use the greatest attainable rate of speed, with which neither the person or property of another may interfere." This principle fully vindicates the ruling of the learned judge below.

The doctrines of this case would go for nothing, if courts were to hold that a contract to fence, in payment of a right of way or otherwise, was a contract that relieved the owner of cattle from keeping them off the road, and permitted him to impede trains in their rate of speed. Indeed, if this might be done, I see not why such an owner might not enjoin the company from running altogether, to prevent injury to his cattle. Assuming that there was a contract to fence in this case, the plaintiff should have moved the company, in anticipation of damages, to build it, and not relied upon making them answerable for remote consequences. And he may sue on it yet, if it be in force, and will be entitled to such damages as the law declares to be incident to the breach of such a contract.

We think the learned judge was right in holding that the action of *tort*, which assumed that the plaintiff was not bound to keep his cattle off the defendants' road, and that the latter was answerable for accidental injury to them while roaming there because they neglected to fence, was not maintainable.

This action was predicated of the duty to fence. Now, supposing this to be a case in which the action might lie upon the duty, a thing I by no means admit, to render the defendants answerable, it must appear that the result or disaster was *exclusively* owing to their neglect. But if the law be as the case cited, and several others since show, the plaintiff was in default in permitting his cattle to be where they had no right to be, and could not recover for them if killed or injured: North Pennsylvania Railroad Co. *v.* Rehman, 13 Wright 103. If an injury is the result of contributory negligence by both parties, neither can recover.

Whether the plaintiff has a remedy on his contract for the damage done to his cattle, we cannot say, for the contract is not before us. We cannot therefore determine that the learned judge erred when he said his remedy was on the contract. It is possible it is expressly so agreed. To say that there was error would, therefore, be conjecture. But it is questionable whether the learned judge meant more than to say, that under the circumstances, the only suit the plaintiff could maintain against the defendants for failing to fence was on the contract, without reference to whether

[Drake *v.* Philadelphia and Erie Railroad Co.]

the injury to the cattle could be recovered or not: but about this we need not trouble ourselves.

The instruction to find for the defendants we think was entirely justified on the first ground herein noticed; and if there was any contract to change the law of the case it should have been shown.

Judgment affirmed.

WOODWARD, C. J., dissented.