Daniel H. Buck, Emily C. Buck, Annie E. Stratton, Walter S. Buck, Gertrude W. Buck, Charles L. Colton and Alice Ohman, Appellants, *v.* Horace L. Weeks and Frederick L. Michaelsen, trading as Weeks & Michaelsen and Nathan Snellenburg.

*Party wall—Unlawful entry—Trespass—Evidence—Pleading—Nonsuit.*
Where plaintiffs declare in trespass for an unlawful entry with force and the tearing down of a party wall, but in their proofs show that the entry was for the purpose of placing supports under the floors of their building, and without objection by them, and that the removal of the wall was by direction of the building inspectors, and there is no evidence that the work was done negligently, or delayed unnecessarily, or that any injury was caused to plaintiffs except such as was the unavoidable consequence of the exercise of a lawful right, a nonsuit is properly entered.

Argued Jan. 9, 1900. Appeal, No. 237, Jan. T., 1899, by plaintiffs, from order of C. P. No. 1, Phila. Co., March T., 1899, No. 276, refusing to take off nonsuit. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for forcible entry and damage to building. Before BIDDLE, P. J.

Plaintiffs averred in their statement that Weeks & Michaelsen, two of the defendants, contracted with Nathan Snellenburg, the other defendant, to alter and repair premises owned by him; that defendants, without authority "and with force and arms entered upon plaintiffs' premises adjoining thereto, made a great noise and disturbance," tore down a party wall, erected shoring and scaffolding on plaintiffs' stairways, causing tenants to move out, and hindering the renting to other proposed tenants, which "wrongful actions of the defendants" caused "damages to the defendants" and were "against the peace of the commonwealth."

At the trial it appeared that the party wall had been condemned by the building inspectors; that to tear it down it was necessary to shore up the floors of plaintiffs' property which was done, and that the stairway being on the side of the party-wall

was somewhat obstructed. There was no evidence that the work was unnecessarily delayed, or that it was done unskilfully or negligently, or that any injury or inconvenience was caused by the plaintiffs which could have been reasonably avoided.

. . .

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*E. Cooper Shapley*, for appellants.—Under the Act of June 8, 1893, sec. 9, P. L. 360, governing the erection of party walls, the defendants are liable to the plaintiffs for any injury they caused in changing the wall, whether negligent or not: Brooks v. Curtis, 50 N. Y. 639; Eno v. Del Vecchio, 6 Duer (N. Y.), 17; Potter v. White, 6 Bosw. (N. Y.) 644; Schile v. Brokhahus, 80 N. Y. 614; Jones on Easements, sec. 711; Bradbee v. Christ's Hospital, 4 Mann. & G. 741; Bower v. Peate, L. R. 1 Q. B. Div. 321; Percival v. Hughes, L. R. 9 Q. B. Div. 441.

It is the well settled law of this state that where there is any evidence in favor of the plaintiff upon which the jury could render a verdict in his favor a nonsuit should not be entered: Hineman v. Matthews, 138 Pa. 204.

*Alex. Simpson, Jr.*, of *Simpson & Brown*, for appellees.—In the absence of negligence, where no nuisance is created, there can be no damages for the performance of a legal work: Penna. R. Co. v. Lippincott, 116 Pa. 472; Penna. Coal Co. v. Sanderson, 113 Pa. 126.

Plaintiffs here chose to plant themselves on the mistaken position that they could recover irrespective of negligence or wanton injury, and, erring in this, must bear the burden of that mistake: Strawbridge v. Phila., 2 Penny. 419.

OPINION BY MR. JUSTICE FELL, February 5, 1900:

The plaintiffs declared in trespass for the unlawful entry with force and arms upon their premises and the tearing down of the party wall between their building and that owned by one of the defendants. The proofs utterly failed to sustain the averments of their declaration. They showed that the entry

was for the purpose of placing supports under the floors of plaintiffs' building, and was made without objection by them, and that the removal of the wall was by direction of the building inspectors. There was not the slightest evidence that the work was done in an unskilful or negligent manner; that its completion was unnecessarily delayed, or that any injury or inconvenience was caused the plaintiffs, except such as was the unavoidable consequence of the exercise of a lawful right by the owner of the adjoining property. There was nothing to sustain a recovery on the ground on which the action was brought.

Whether under this form of action a recovery could be had for the damages to the plaintiffs' property, which were not the result of negligence, and to what extent the liability of an owner who repairs or removes a party wall without negligence is enlarged by section 9 of the Act of June 8, 1893, P. L. 360, it is unnecessary to consider. The evidence as to the damage to the building was too vague and uncertain to warrant a finding for any amount for the plaintiffs. The witnesses were unable to state what part of the papering and painting of the building and the repairing of the roof afterward done by the plaintiffs was made necessary by the rebuilding of the party wall, or what their cost was.

The judgment of nonsuit was properly entered, and it is now affirmed.