| 200 | 229 |
| 26 SC | 18 |

# Kelly *v.* Nypano Railroad Company, Appellant.

*Deed—Covenant running with land—Covenant to fence—Railroad.*

A covenant by a railroad company in a deed for a portion of its right of way to " fence and keep said road fenced," is a covenant running with the land, and is binding on a successor of a railroad company whose title comes through foreclosure sales

Argued April 29, 1901.   Appeal, No. 282, Jan. T., 1900, by defendant, from decree of C. P. Crawford Co., May T., 1898, No. 6, on bill in equity in case of Daniel Kelly, now De Elmer Kelly and De Elmer Kelly, Administrator of Daniel Kelly, Deceased, v. Nypano Railroad Company and Erie Railroad Company.   Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ.   Affirmed.

Bill in equity for an injunction, and for an account.   Before Thomas, P. J.

From the record it appeared that on April 3, 1863, Daniel Kelly conveyed to the Atlantic and Great Western Railroad Company a piece of land for right of way in consideration of $100, and that said company should " fence and keep said road fenced."   By various foreclosure proceedings the right of way became vested in the Nypano Railroad Company which leased the same to the Erie Railroad Company.   The court entered a decree directing the defendants to construct and maintain the fences in question, and to account to Kelly for any damages sustained.

*Error assigned* was the decree of the court.

*George W. Haskins,* for appellants.

*Thomas Roddy,* for appellees.

PER CURIAM, July 17, 1901:

Those enjoying the estate conveyed by Daniel Kelly on April 3, 1862, can do so only by complying with the conditions upon which it was conveyed. Successors in the title to the Atlantic and Great Western Railroad Company succeed, during the period of their enjoyment of the land, to the liability imposed by Kelly and assumed by his grantee. No changes, in the title, however, brought about, can affect the liability of the party in possession during the period of his enjoyment, to perform the covenants of the first grantee, upon which the grant was made. Though there be no privity of the contract between the original grantor, or his personal representatives, and those in possession of the land, there is privity of estate, out of which an implied contract arises to perform, during the period of enjoyment, the conditions upon which the land was conveyed. The decree of the court below was proper. It is affirmed and the appeal dismissed, with costs to the appellees.