## Swisher v. Sipps, Appellant.

*Party wall—Negligence—Substantial damages.*

In an action to recover substantial damages caused by an alleged improper interference with a party wall and negligence in the construction of an adjoining building, the case is for the jury and a verdict and judgment for plaintiff will be sustained where the evidence tended to show (a) that the party wall, which was but eight inches thick, was, both in the cellar and under the girder which supported the second story for a distance of eighteen inches, partly demolished; (b) that in consequence of the removal of the party wall entire at the second story, the front wall was pushed outward which, it was alleged, would not have happened, if the defendant's side of the party wall had been properly removed; (c) that, in consequence of the removal of the entire wall at several places, dust and dirt came through upon the plaintiff, necessitating the removal of his stock of music, etc., and creating substantial loss by its deterioration; (d) that the skylight was broken several times and, upon complaint, was battered down, so as to exclude both light and air; (e) that the flues were filled up

with brick and mortar and interfered with the use of the plaintiff's building for the purposes of his business, etc.

*Party wall—Negligence—Measure of damages.*

While an owner of the building is not entitled to recover for the ordinary annoyance, inconvenience and dirt resulting from the erection of an adjoining building, he is entitled to compensation for any special injury which he has sustained.

*Appeals—Practice, Superior Court—Statement of question involved.*

The object of the statement of the question involved, is to give the court, at a glance, a comprehensive view of the case so that it may be able to follow intelligently the oral arguments which are valuable only as they present the points of law arising from the question of fact which are fairly raised by the entire record.

Such a statement is insufficient if it merely sets forth self evident propositions to which a negative answer would be immediately given, and does not cover the question involved or the appellee's view of the case.

Argued Oct. 18, 1901. Appeal, No. 157, Oct. T., 1901, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1897, No. 120, on verdict for plaintiff in case of Marshall D. Swisher v. George L. Sipps. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for special injuries caused by interference with the party wall and the alleged improper construction of an adjoining building. Before BIDDLE, P. J.

The court charged as follows:

As both counsel have said to you there are few things more annoying than when your neighbor builds a new house next door to you. There is, no doubt, a great deal of discomfort, there is no doubt a great deal of interference and even a great deal of annoyance, not only to you, but to every passerby on the street—to a certain extent. When William Penn first established the city of Philadelphia he said that he expected to make a green country town here; that every house would stand apart with a green lot around it. That was the intention of Philadelphia's founder. But we have got much more ambitious than that, and the effort of everybody now is to make Philadelphia a great metropolis like every other great metropolis of the world. Of course, we cannot do that with discomfort to nobody, unless we pass a law that no one can build a house within so

many feet of his neighbor.   All these facts are admitted by both sides of this case; and they do not ask damages for what you may call the results of building and the necessary interference with the neighbors on both sides of a place where a new building is being erected.   The plaintiff asks, in his own words, for substantial damages for substantial injury to his building.   If you do not find that, he asks for no verdict.   Therefore it is for you to decide.   Any man has the right to erect a building of this sort under the superintendence of the public building inspectors, who see to it that the laws of construction are not violated.   Therefore, if a man is in the exercise of a legal right the necessary results arising from the exercise of that legal right do not make him responsible in damages if he should happen to injure anybody.   All he has to do is to exercise his right in such a way as not to injure his neighbor, to take reasonable care, and to use reasonable diligence in what he does so as to save his neighbor from any injury to his property.   That is the only question that you have to decide in this case.   It is for you to decide it.   Did the defendant in this case, Mr. Sipps— who is the only defendant now before you—use such care and diligence in the construction of this building, or was there such an absence of negligence on his part as frees him from responsibility?   That question is entirely for you to decide.   [The damages—if you find that he suffered any—should be such as to compensate him or to repay him for the injury he has sustained.]   [2]

I refuse the points which have been presented to me by the plaintiff and by the defendant except as they are answered in my charge.

Defendant presented this point:

Cracks in the plaster, dust, and some inconvenience to plaintiff's business were the natural result of taking down Bornot's adjoining old house preparatory to the construction of his new one.   That such taking down and construction were entirely lawful, and the dust, dirt, inconvenience, and cracked plaster are not evidence of the neglect alleged by the plaintiff, and of such neglect there is no further evidence, hence you will find a verdict for the defendants.   [1]

Verdict and judgment for plaintiff for $350.   Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*E. Hunn Hansom*, for appellant, cited: Rhodes v. Dunbar, 57 Pa. 274; West Cumberland Iron & Steel Co. v. Kenyon, L. R. 11 Ch. Div. 783; Buck v. Weeks, 194 Pa. 522; Howard Express Co. v. Wile, 64 Pa. 201.

*Charles L. Lockwood*, for appellee.

OPINION BY BEAVER, J., January 21, 1902:

The court below is sought to be convicted of error in this case under two separate specifications. In the first, one of the defendant's points for charge is quoted at length. The specification then proceeds to say: "The answer was—" and then follows a portion of the general charge which is only a part of the paragraph relating to the subject and which omits that portion which is most responsive to the defendant's points. As a matter of fact, the court below refused all the points of both plaintiff and defendant, except as they were answered in the charge. The charge itself covered all the points in the case. It was brief but the experienced trial judge who tried the case was very familiar with cases arising under the proper use of party walls and charged distinctly that there could be no recovery "for what you may call the results of building and the necessary interference with the neighbors on both sides of a place where a new building is being erected." This was distinctly admitted by the plaintiff in the court below and in the argument here. The claim was for special, substantial damages arising from improper interference with the party wall and negligence in the construction of the adjoining building (*a*) in that the party wall, which was but eight inches thick, was, both in the cellar and under the girder which supported the second story for a distance of eighteen inches, partly demolished; (*b*) in consequence of the removal of the party wall entire at the second story, the front wall was pushed outward which, it was alleged, would not have happened, if the defendant's side of the party wall had been properly removed; (*c*) that, in consequence of the removal of the entire wall at several places, dust and dirt came through upon the plaintiff, necessitating the removal of his stock of music, etc., and creating substantial

loss by its deterioration; (*d*) that the skylight was broken several times and, upon complaint, was battened down, so as to exclude both light and air; (*e*) that the flues were filled up with brick and mortar and interfered with the use of the plaintiff's building for the purposes of his business, etc. All these were questions of fact and were entirely separate from the ordinary annoyance, dust, discomfort and confusion which must necessarily arise from the erection of an adjacent building. Even if the complaint of error were properly assigned, there is abundant evidence in the case, of special damages, which could not be withheld from the jury; and, in the manner in which the question was submitted, there was no error.

The second specification of error is as to the measure of damages laid down by the court. This question was disposed of as follows: "The damages, if you find that he suffered any, should be such as to compensate him or to repay him for the injury he has sustained." This, taken in connection with the former part of the charge that there could be no recovery for the ordinary annoyance, inconvenience and dirt resulting from the erection of an adjoining building was entirely correct. The damages must, of course, be such as were special, as was clearly indicated in the former part of the charge. The charge, though brief, was comprehensive and covered the entire case, without dwelling upon the details of evidence on either side. The jury could not have been misled either as to the proper subject of damages or as to the measure thereof.

It may be well, before dismissing our consideration of this case, to refer to the appellant's statement of the question involved. The object of such a statement is to give the court, at a glance, a comprehensive view of the case, so as to be able to follow intelligently the oral arguments which are valuable only as they present the points of law arising from the questions of fact which are fairly raised by the entire record. In this case the statement of the question involved is presented under two distinct propositions: "1. Is the inevitable dust and inconvenience to a plaintiff arising from the defendant's demolition of an old and the construction of a new city building, in the customary and usual way, a cause of action alone, without some evidence of negligence or want of skill? 2. For three small cracks in a wall which could be repaired by a trowel mea-

sure of mortar is the legal measure of damage the cost of re-building the wall ? These are practically self-evident proposi-tions, to which a negative answer would be immediately given, but they do not cover the questions involved in any sense. They do not include the plaintiff's view of the case, they raise no issue and are both satisfactorily answered by the charge of the trial judge in the court below in the negative, as defendant claims they should be answered, and are practically admitted by the appellee. Judgment affirmed.