## Scowden *v.* Erie Railroad Company, Appellant.

*Railroads—Fences—Covenant running with land—Negligence—Contributory negligence.*

An agreement by a railroad company with a landowner, in consideration of a grant of a right of way to erect and maintain fences along the right of way, is a covenant running with the land, and may be enforced against the railroad company by a successor in title to the original owner.

Where a landowner has full knowledge that the fences along a railroad company's right of way are in a decayed, dilapidated and unsafe condition, but nevertheless turns his horses into the field along the right of way, and

the horses break down the fence and are killed on the railroad tracks by a passing train, the owner's contributory negligence will preclude him from recovery from the railroad company, although the latter was under a contractual obligation to him to keep the fences in repairs.

Argued May 17, 1904.   Appeal, No. 146, April T., 1904, by defendant, from judgment of C. P. Crawford Co., May T., 1902, No. 75, on verdict for plaintiff in case of Edward A. Scowden v. Erie Railroad Company.   Before RICE, P. J., BEAVER, ORLADY, PORTER, and MORRISON, JJ.   Reversed.

Trespass to recover damages for the killing of horses.   Before THOMAS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $254.59.   Defendant appealed.

*Error assigned* was in not giving binding instructions for defendant.

*F. P. Ray*, for appellant.—The present action is an action of tort, and such action does not lie for the loss of plaintiff's horses because of the obligation on the part of the defendant, appellant, to build and maintain the fences under the contract of January 24, 1863 : Drake v. Phila. & Erie R. R. Co., 51 Pa. 240.

The fact concerning the dilapidated and broken down fence sworn to by Henry Klippel, one of the plaintiff's witnesses, were undisputed and admitted, therefore the court should have declared the law applicable thereto, and have taken the case from the jury :   Gates v. Penna. Railroad Co., 154 Pa. 566.

Contributory negligence in any degree on part of the plaintiff will prevent recovery in an action for damages : Monongahela City v. Fischer, 111 Pa. 9 ; Del., etc., R. R. Co. v. Cadow, 150 Pa. 559; Drake v. R. R. Co., 51 Pa. 240.

*Thomas Roddy*, for appellee.—To ascertain whether the negligence be the approximate cause of the accident, it must appear that the injury was the natural and probable consequence of the negligence ; such a consequence as under the surrounding circumstances of the case, might, or ought to have been,

foreseen : Yoders v. Amwell Twp., 172 Pa. 447; Scott & Co. v. Ry. Co., 172 Pa. 647 ; Swanson v. Crandall, 2 Pa. Superior Ct. 85; Stephenson v. Penna. R. R. Co., 20 Pa. Superior Ct. 157; Thomas v. R. R. Co., 194 Pa. 511.

If plaintiff's testimony make out a clear case, it must go to the jury even though his own witnesses contradict it : Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573 ; Todd v. Railway Co., 201 Pa. 558.

OPINION BY MORRISON, J., July 28, 1904:

The railroad operated by the defendant company runs through the plaintiff's farm. For sometime prior to the injury complained of the plaintiff had been pasturing his horses in a field which was separated from the railroad by a fence. The plaintiff alleged and proved that this fence had been for some time decayed and dilapidated and in an unsafe condition, but notwithstanding this he continued to pasture his horses in this field until they pushed or broke down the fence and strayed upon the railroad track and were killed by one of the defendant's regular trains. Thereupon the plaintiff brought this action of trespass for the recovery of damages caused as he alleges by the negligence of the defendant. The testimony shows, and it was practically conceded at the argument, that the train which killed the horses was being run in the usual and ordinary manner, and that there was no negligence in the management of said train. The case was permitted to go to the jury and resulted in a verdict for the plaintiff for $254.59, and judgment being entered thereon the defendant appealed. The sole ground upon which the plaintiff alleges his right to recover grows out of the duties and obligations and benefits created by a written contract between Jacob Trace, plaintiff's predecessor in title, and the Atlantic & Great Western Railroad Company, dated January 24, 1863. By this contract Jacob Trace in consideration of $325 and the agreement to build and maintain fences and crossings by the company granted unto the Atlantic & Great Western Railroad Company a right of way for location and construction and use of its railroad, branches and sidings over and across his land. The plaintiff's contention is that by the terms of this contract a duty rested upon the defendant to keep and maintain the fence between his pasture

and the railroad in reasonably safe condition, and that a failure to do so was negligence which rendered the defendant company liable in an action of tort.

That the defendant company has succeeded to the obligations and duties as well as the rights of the Atlantic & Great Western Railroad Company, including those which arise upon contract as well as those imposed by statute seems to be clear. It is also clear that the plaintiff is entitled to the benefits of said contract. That the covenants in the said contract for building and maintaining the fences are covenants running with the land and binding on a successor to the company which entered into the contract, seems to be settled by Kelly v. Nypano R. R. Co., 200 Pa. 229.

It is strongly contended by the learned counsel for the defendant that the plaintiff cannot recover in tort for the defendant's failure to keep the fence in good repair, as required by the contract of January 24, 1863 ; and that the only remedy open to the plaintiff is an action founded on a breach of said contract, citing, Drake v. Phila. & Erie R. R. Co., 51 Pa. 240.

But we think the plaintiff by his own undisputed testimony, has shown such contributory negligence as prevents a recovery, and therefore it is not necessary to decide whether or not his action in tort can be sustained.

In the present case the evidence seems to place a duty on the defendant, under the contract, to keep the fence in repair. It further appears that the defendant failed to discharge its duty in that respect, and thereby violated the contract under which it was operating its road across the defendant's land.

In our opinion the plaintiff's own testimony and that of his witnesses, clearly establishes the fact that he was guilty of contributory negligence, and for that reason the defendant was entitled to a binding instruction that the verdict should be in its favor. The evidence upon the question of the condition of the fence was all furnished by the plaintiff. It was clear and convincing that the fence was in a dilapidated and unsafe condition ; that it was burned and decayed so that it was hardly worthy of being called a fence, and that it had been in that condition since the previous season. The evidence further shows that the plaintiff resided upon this farm within about fifteen rods of the railroad track, and that he had been in the

habit of pasturing his horses in the field in question nightly during the summer.  If we believe the testimony of the plaintiff and his witnesses, and it is uncontradicted, it convicts him of contributory negligence in continuing to pasture his horses in this field, which was only separated from the railroad track by this poor, dilapidated fence.  If the fence was in the condition proved · by the plaintiff and he, a farmer, residing within a few rods of it, then there is no doubtful inference to be drawn from the fact that he continued to pasture his horses in this field.  But on the contrary the inference is clear and irresistible that he was taking the chances of his horses escaping through this fence and going upon the track of a railroad over which trains were being run with great frequency.  It hardly seems necessary to cite authorities on the question of contributory negligence, in a case where no fact is in dispute and where no inference is doubtful.  It will· not do to say that possibly this plaintiff did not know the condition of the fence. He either knew it or was bound to know it.  He was a farmer living within a few rods of the railroad track and it was his duty to pay some attention to this fence.  The defendant was under obligation to keep it in repair, but this did not justify the plaintiff in shutting his eyes and turning his horses into this lot where the fence was in the dilapidated condition shown by his proofs.  Let it be conceded that the defendant was guilty of negligence, yet the plaintiff cannot recover when his own negligence contributes in any degree, whatever, to the injury of which he complains.

In our opinion the contributory negligence of the plaintiff was so clearly established by himself that it became the duty of the court to affirm the defendant's point and direct a verdict against the plaintiff.

The first assignment of error relates to the admission in evidence of the Jacob Trace contract.  We do not think the court erred in admitting this contract in evidence to show the situation of the parties and their duties and obligations to each other.  This assignment is not sustained.

The second and third assignments are that the court erred in not giving a binding instruction in favor of the defendant. These assignments are sustained.

Upon the question of contributory negligence we cite the

following cases: Mason, Appellant, v. Phila., 205 Pa. 177; City of Erie v. Magill, 101 Pa. 616; Boyle v. The Borough of Mahanoy City, 187 Pa. 1. Cases might be added, almost without limit, showing that where the evidence is undisputed and the inferences to be drawn therefrom free from doubt it is error to submit the question of contributory negligence to the jury. In the case under consideration if the fence was in the condition proved by the plaintiff it did not need a jury to determine whether or not it was unsafe and improper for the plaintiff to pasture his horses in the field in question.

The judgment is reversed.

ORLADY, J., dissents.