# Thompson *v.* DeLong, Appellant.

*Building laws—Division wall—Tearing down old wall—Easement of support—Trespass—Damages—Custom—Parol evidence — Exposure of property to known danger—Evidence—Photographs— Condition of property afterwards.*

1. The owner of one of two twin houses, with a division wall separating them may lawfully replace his own building with a new one; and, if properly done, he will be in the exercise of a right and not liable to the adjoining owner. If, however, the division wall has supported both buildings for over 21 years, the neighbor has an easement of support in the wall which the other cannot destroy.

2. In an action of trespass for negligence to recover damages for injuries resulting from the demolition of a building, it appeared that plaintiff and defendant owned adjoining three-story houses separated by a division wall. The houses had been built by the owner of the land and sold to separate parties. Defendant, in the year in which he bought his house, tore it down and erected on the site a two-story garage. This exposed the division wall above the second story of plaintiffs' house. In rebuilding defendant built his new wall wholly upon his own property. The old wall was discovered to be loosely constructed and of defective material, with holes through it near the rafters. Evidence for plaintiff tended to show that defendant so removed the joists from the old division wall as to make additional holes therein; that in rebuilding he overloaded it and neglected to protect the exposed part of the wall, or to place flashing between it and the roof of the garage; that plaintiff resided on the third floor of his house, and kept a shop in the lower floors, in which he repaired and stored furniture and materials therefor; that rain and snow came through the holes in the exposed wall, filtered down between the new and old walls, and injured plaintiff's goods. Two building experts testified it was a custom for one who exposed a division or party-wall, to protect it by a permanent covering of some suitable material. Plaintiff's evidence was contradicted, except that relating to the custom. *Held,* (1) that the case was for the jury, including the proof as to the alleged custom, as that depended upon parol evidence.

3. In such a case it was reversible error for the court to charge that "plaintiff was under no legal obligation to protect the party-wall on defendant's side, after being exposed by defendant's act; but this obligation rested entirely on defendant"; for, except as

the jury found there was a general custom to that effect, the obligation did not rest upon defendant to protect the so-called partywall, although he might still be liable if the jury found against him on the other allegation of negligence; but the court could not assume the evidence of the custom or the negligence complained of.

4. As to damages in such a case, plaintiff, if entitled to recover, should be compensated for the actual damages resulting from the unlawful acts or neglect of defendant; but he cannot recover for any damages which could have been avoided by the exercise of reasonable care on his part; and the test is what would an ordinarily prudent man be expected to do under like circumstances.

5. If plaintiff knew, or by the exercise of reasonable care should have known, that his personal property was being injured by the dampness, and did not, when he could, remove it to a suitable place, he must bear the loss; and so also, if he received furniture and material into his house and knowingly stored the same in damp rooms, and they were injured.

6. If defendant's employees were prevented by plaintiff from taking proper precaution to protect the wall, the latter cannot recover for damages thereafter resulting from the wall being unprotected.

7. It is not error to admit evidence of the condition of the wall and plaintiff's property five months after the old building was removed.

8. It is better practice to show the accuracy of photographs by the artist who took them, but if shown by other witnesses to be correct, there is no error in admitting them in evidence.

Argued March 23, 1920. Appeal, No. 213, Jan. T., 1920, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1916, No. 4918, on verdict for plaintiff in case of W. Austin Thompson v. John W. DeLong, deceased, J. Wayne DeLong, substituted as administrator c. t. a. Before BROWN, C. J., STEWART, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Trespass to recover damages resulting from the negligent demolition of a wall. Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Errors assigned* were (1) refusal of defendant's motion for judgment n. o. v. (9) instructions quoted in the opinion of the Supreme Court; (11) admission of evidence concerning certain photographs in evidence.

*David J. Myers,* with him *Robert M. Boyle,* for appellant.—Plaintiff who since November 11, 1910, used an illegal, and partially built division wall, containing openings and other defects, may not base an action thereon for injuries resulting from the exposure of said wall and openings by the razing of the adjoining building: Fowler v. Scully, 72 Pa. 456.

Before a litigant can avail himself of the operation of a custom, he must show strict compliance with the law or with the custom which is not to be extended in its application: Evans v. Myers, 25 Pa. 114; Plymouth Coal Co. v. Komminskey, 116 Pa. 365.

Where there has been mutual default, neither party can recover damages from the other.

If a man has reasonable cause to expect, in the natural run of events, that his property may likely be damaged and he apparently has the opportunity, but refuses or neglects to try and remove the cause, reduce the damage and protect his property, he may not recover: Decker v. N. Y., etc., R. R., 57 Pa. Superior Ct. 432.

It is a general rule that no one has a vested right to be protected against consequential injuries arising from a proper exercise of rights by others: Jackman v. Rosenbaum, 263 Pa. 158.

The proximate cause of the injury alleged, was water and snow with their familiar consequences: Herr v. City of Lebanon, 149 Pa. 222; King v. Lehigh V. R. R., 245 Pa. 25.

*Frederick H. Warner,* for appellee.—If the wall were an illegal party-wall defendant's theory that that fact would give him immunity would not apply. But the wall was not illegal and it was not a party-wall. A di-

vision wall is only a party-wall where at the time of its erection the properties it separates were owned by different persons: Amer v. Longstreth, 10 Pa. 145; Doyle v. Ritter, 6 Phila. 577.

The instruction as to compensation was proper: Baker v. Penna. R. R., 236 Pa. 479; Swisher v. Sipps, 19 Pa. Superior Ct. 43.

OPINION BY MR. JUSTICE WALLING, April 19, 1920:

This is an action of trespass between owners of adjoining property. Some forty years ago, the owner of the lot on the south side of Chelton avenue, west of Pulaski avenue, Philadelphia, built thereon a three-story double house, called twin houses, of stone and brick construction, with a division wall of like material separating the two houses. He sold each house to a separate purchaser, with the centre of the wall as the dividing line. Thereafter plaintiff bought the west house in 1910, and defendant the east house in 1916, removing it the same year to make room for a new two-story brick garage. This exposed the division wall, which was found loosely constructed and of defective material; in fact, there were holes through the wall, especially near the rafters. In erecting his garage, defendant built a new wall two stories in height, adjoining the old wall, which left the third story of the latter exposed to the weather; and the evidence for plaintiff is to the effect that the defendant so removed the joists of his old building from the division wall as to make additional openings therein; that, at the second floor of the garage, he inserted steel beams into the old wall by which it was overloaded and greatly damaged; also that he entirely neglected to protect the exposed wall, or to place flashing between it and the roof of the garage. Plaintiff resided on the third floor of his house and occupied the balance thereof as a store and shop wherein he made, repaired and stored furniture and materials therefor; and the evidence on his behalf tends to show that the rain and snow came

through the exposed wall, and also went down between the new and old walls and filtered through the latter, by reason of which large quantities of water entered plaintiff's building doing great injury both to it and its contents, for which plaintiff brought this suit. Each side submitted evidence and the jury found for the plaintiff; this appeal by defendant is from judgment entered upon the verdict.

Notwithstanding the division wall, or the defects therein (Ricart v. Scott, 7 Watts 460), defendant might lawfully replace his old building with a new one; and, if properly done, he would be in the exercise of a right and not liable to the adjoining owner; see opinion of this court by Mr. Justice MOSCHZISKER, in Jackman v. Rosenbaum Co., 263 Pa. 158, 170; also Buck v. Weeks, 194 Pa. 522, and Swisher v. Sipps, 19 Pa. Superior Ct. 43. However, the old wall had been a division wall, supporting both buildings for over 21 years, and plaintiff had an easement in defendant's part thereof which the latter could not destroy (Bright v. Morgan, 218 Pa. 178; Lukens v. Lasher, 202 Pa. 327; McVey v. Durkin, 136 Pa. 418; Bright v. Allan, 203 Pa. 394; Medara v. Du Bois, 187 Pa. 431), and, in fact, made no claim of a right to do so.

As no part of the old wall was removed and the new wall was built entirely upon defendant's own land, the question as to the construction or reconstruction of a party-wall is not involved; nor is it material to this case whether it is technically a party-wall or merely a division wall. Plaintiff's claim is based upon charges of negligence, and he contends it was defendant's duty to protect the exposed wall by a permanent covering of some suitable material. This is supported by the evidence of two building experts to the effect that such is the general custom and duty of one who has exposed a division or party-wall. Plaintiff further contends that defendant was negligent in leaving an opening between the roof of the garage and the old wall by making holes

through the latter in the removal of the joists and by overloading it with the new girders, etc. The evidence as to these contentions was conflicting, except as to the alleged custom and that depended upon the credibility of parol evidence, and, with the other questions, was for the jury. In the main the case was well tried, but the affirmance of plaintiff's second point (9th assignment), viz: "Plaintiff was under no legal obligation to protect the party-wall on the DeLong side, after being exposed by DeLong's acts; but this obligation rested entirely on the defendant in this case," was error. For, except as the jury found there was a general custom to that effect, the obligation did not rest upon defendant to protect the so-called party-wall, although he might still be liable if the jury found against him on the allegation of negligence; but the court could not assume the existence of the custom or of the negligence complained of.

As the case goes back for a new trial it may not be amiss to refer to the question of damages. If entitled to recover plaintiff should be compensated for the actual damages resulting from the unlawful acts or neglect of the defendant: Irvine v. Smith, 204 Pa. 58. However, plaintiff cannot recover for any damages which could have been avoided by the exercise of reasonable care on his part (17 Corpus Juris 767), and the test is, what would an ordinarily prudent man be expected to do under like circumstances (Ibid. 770)? There can be no recovery for damages which by the exercise of reasonable care, plaintiff might have avoided (Ibid. 926). If he knew, or by the exercise of reasonable care should have known, that his personal property was being injured by the dampness and did not, when he could, remove it to a suitable place, he must bear the loss: Haverly v. State Line Railroad Co., 135 Pa. 50, 60; Krum & Peters v. Anthony, 115 Pa. 431; Scowden v. Erie Railroad Co., 26 Pa. Superior Ct. 15; Decker v. N. Y. C. & H. R. R. R. Co., 57 Pa. Superior Ct. 432, 439; Foehr v. N. Y. Short Line R. R. Co., 40 Pa. Superior Ct. 9, 23;

13 Cyc. 71. Or if plaintiff received furniture and materials therefor into his house, and knowingly stored the same in damp rooms, he must bear the loss resulting therefrom, for one cannot recover damages occasioned by a voluntary exposure of his person or property to a known danger: 29 Cyc. 518; 20 R. C. L. 116. It is incumbent on an injured party to do whatever he reasonably can to lessen the injury: Chamberlin v. Morgan, 68 Pa. 168. One cannot stand idly by and see his property destroyed by water, if by a reasonable effort on his part the injury may be avoided: Taylor v. Canton Twp., 30 Pa. Superior Ct. 305; to like effect is the opinion of that learned jurist, President Judge EDWARDS, in Campbell v. Borough of Olyphant, 10 Lack. Jur. 369. Plaintiff makes complaint of inconvenience and loss of use of the building, etc., but there is no evidence as to the amount of damages thereby sustained.

There is some evidence that defendant's employees were taking proper steps to protect the wall, but were prevented from so doing by plaintiff, if so, he could not recover for damages thereafter resulting from the wall being unprotected.

It is better practice to show the accuracy of photographs by the artist who took them, yet as those here in question were shown by other witnesses to be correct there was no error in admitting them: Com. v. Connors, 156 Pa. 147; Com. v. Swartz, 40 Pa. Superior Ct. 370. Neither was it error to admit evidence of the condition of the wall and plaintiff's property five months after the old building was removed.

The ninth assignment of error is sustained and the judgment is reversed with a venire facias de novo.