FRANK T. D'ONOFRIO, Plaintiff, *v.* CENTRAL SAVINGS BANK IN THE CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, June 20, 1941.

*Levin & Spallone* [*John C. Spallone* of counsel], for the plaintiff.

*Amend & Amend*, for the defendant.

EDER, J. The plaintiff seeks to recover damages by reason of defendant's exposure of a party wall which was erected and constructed between plaintiff's tenement house and that of defendant; said party wall and the tenement houses adjoining the same were constructed by a common owner. The defendant demolished its tenement house and in consequence the party wall was left exposed to the elements and has become the exterior wall of plaintiff's premises.

It is the plaintiff's contention that the defendant in demolishing its building thereby destroyed and removed the protection of the party wall and exposed it to the elements. Said party wall is not weatherproof and it is plaintiff's claim that he is entitled to have his building weatherproofed and secured against the elements and is entitled to recover for the damage sustained to his premises by the act of the defendant in exposing the party wall without rendering it weatherproof and impervious to the elements and is also entitled to recover for all damage caused to the interior and the exterior of his premises. There is no claim that the work of demolition of the defendant's building was negligently performed.

Upon the facts stated I am of the opinion that plaintiff has no cause of action. Plaintiff's easement in the party wall is an easement of support for his building only (*357 East 76th St. Corp.* v. *Knickerbocker Ice Co.*, 263 N. Y. 63; 3 Gerard on Real Property, [6th ed.], § 1501); in the absence of agreement or a general custom to that effect a landowner tearing down a building need not protect a party wall by covering the exposed portions to prevent rain going through it and he is under no duty to protect the exposed party wall by a permanent covering of some suitable material (*Thompson* v. *DeLong*, 267 Penn. St. 212; 110 A. 251); in consequence plaintiff could not require the defendant to alter the party wall for the plaintiff's convenience, or to make it weatherproof, which it had not been prior to demolition (*Thompson* v. *DeLong, supra*).

It is settled law that the coproprietor may not act in connection with the division wall as to cause injury to the adjoining owner; if he does, he is, of course, liable for any resulting injury or damage; but for any incidental damage which may result, where the demolition work is properly performed, there can be no recovery; it is *damnum absque injuria*. (*Bicak* v. *Runde*, 78 Misc. 358, LEHMAN, J.; *Clemens* v. *Speed*, 93 Ky. 284; 19 S. W. 660.) To permit a recovery upon such a state of facts would make the adjoining landowner an insurer of his neighbor's house in case he desired to take down his own or was compelled to demolish it owing to its condition; it would be a rule inconsistent with reason

and justice; the coproprietor is not bound to indemnify his neighbor for any inconvenience or incidental injury occasioned by the exercise of such legal right. Judgment for defendant dismissing the complaint on the merits. Appropriate exception to plaintiff. Thirty days' stay; sixty days to make a case.