CHOTAPEG, INC., Plaintiff, *v.* SYLVIA M. BULLOWA, Defendant.

Supreme Court, Special Term, New York County, June 22, 1942.

*Jacob B. Goldberg,* for the plaintiff.

*Seligsberg, Friedman & Berliner,* for the defendant.

EDER, J.   This is a motion pursuant to rule 106 of the Rules of Civil Practice, for an order dismissing the second amended complaint for failure to state a cause of action.   It is alleged that in the year 1938 the defendant demolished or caused to be demolished her building, which adjoined that of the plaintiff, and that between the two buildings there was a party wall standing about one half thereof upon the premises of plaintiff and defendant.   It is further averred that in that connection the defendant " wrongfully and unlawfully failed, neglected, omitted and refused to bend over the anchors at the beam ends in the standing wall and brick in all open beamholes at her own expense as required by statute in such

case made and provided;" and that by reason thereof water from rain and melting snow and ice seeped in and dripped down and into the wall and other parts of plaintiff's adjoining building, causing injury and damage.

The original complaint appears to have proceeded on the theory of absolute liability, and on defendant's motion it was dismissed for insufficiency, the court citing *D'Onofrio* v. *Central Savings Bank in city of N. Y.* (176 Misc. 709). In the present complaint it is sought to fasten liability on the defendant by reason of her alleged neglect or omission to comply with certain duties allegedly imposed upon her by statute in that regard. While the statute relied on is not set forth, nor need be, it is apparent from the language of the complaint, and so admitted in the briefs, that it is subdivision a of section C26–568.0 of the Administrative Code of the City of New York, which is entitled " Protection of party walls during demolition," and reads as follows: " Party walls. When a structure containing a party wall is being demolished, the owner of the demolished structure shall, at his own expense, bend over the anchors at the beam ends in the standing wall and shall brick in all open beam holes."

Section C26–569.0, entitled " Enforcement of provisions for protection of adjoining property," provides that if any person whose duty it is under the said statute to protect his own or adjoining property fails to do so within the time therein prescribed, " the superintendent [of buildings] may cause the work to be done and the cost of doing such work shall become a lien against the property recoverable in any court having jurisdiction."

It is the contention of the defendant that this section specifies the means of enforcing the statutory provision upon which the plaintiff relies and limits the defendant's liability and that it confers no right upon the plaintiff, but is restricted in its operation and effect and limited to the superintendent of buildings alone; that the specific remedy provided by this statute is exclusive.

I am inclined to the conclusion that this is a correct view. It is provided by subdivision b of section C26–204.0 of the Code, entitled " Judicial remedies," which is part of subarticle 2 on " Enforcement," that the corporation counsel shall institute any and all actions, either legal or equitable, that may be appropriate or necessary for the enforcement of these provisions. It is to be noted that the Legislature made no provision authorizing the institution of an action at law for damages to enforce this provision and there is nothing in the statute which authorizes a private party to maintain such an action or any intimation of any such legislative intent.

Plaintiff has no cause of action and the motion to dismiss is granted.