Sullivan,
No. 4324.

FRANK P. WADLEIGH & a. v. PENNETH CLINE & a.

Argued September 7, 1954.

Decided September 30, 1954.

*Upton, Sanders & Upton* (*Mr. Sanders* orally), for the plaintiffs.

*Jacob M. Shulins* and *Richard C. Duncan* (*Mr. Duncan* orally), for the defendants.

BLANDIN, J.   The defendants concede that ordinarily in the situation here the disputed property would be presumed a party wall in accordance with the general law.   69 C. J. S., Party Walls, ss. 3, 10.   But they contend that the language of the deed, although obviously based upon a mistake of fact, compels a different conclusion.   To reach this result we are asked to say that when the common owner of the property conveyed the brick block to the defendants' predecessor in title, the parties intended that the grantor should deed without reservation a portion of the rear wall of the house which he retained including certain parts of his bathroom plumbing and fixtures.   It seems to us that to state this proposition is to refute it and that considering all the circumstances the parties could have had no such design as the defendants claim.

*Kendall* v. *Green,* 67 N. H. 557, 563. Rather, putting ourselves in their shoes (*North Hampton District* v. *Society,* 97 N. H. 219, 220), we believe that the intent was that the transaction should result in each having a complete, usable building which would be the case if the deed were construed as establishing a party wall. The defendants are in no position to complain of this since they are still using it as such. See 69 C. J. S., Party Walls, *s.* 8. Since too, for many years it has been essential to each building and conferred benefits on both, such a construction would ordinarily be proper. Restatement, Property, *s.* 476, *comments* g, h, i. Furthermore, it would be a reasonable interpretation under our law as presumably in accord with the intent of the parties. *Bean* v. *Dow,* 84 N. H. 464. Not only would the defendants' construction be manifestly unreasonable but actually it is impossible to run the boundary line "northerly . . . along the easterly face of said brick block forty-three feet, two inches," since the brick face extends comparatively few feet from the outside corners of the store to the wooden side walls of the plaintiffs' house, and for the greater portion of its course the line would be cutting through the plaintiffs' laths, plaster and toilet facilities rather than running along the face of the brick block. In analogous situations, courts have had no hesitation in holding that a plainly erroneous boundary description will be rejected and a reasonable meaning given to the deed which will conform to the intent of the parties. *Winnipisiogee Paper Co.* v. *New Hampshire Land Co.,* 59 Fed. 542, 547. See also, *Prescott* v. *Hayes,* 43 N. H. 593, 596. Applying this principle to the facts here, it appears the Court's ruling that a party wall existed was correct.

The defendants further claim that conceding this to be a party wall they are nevertheless not liable for any damage done the plaintiffs since there is no allegation that they acted negligently in their remodeling. The authorities they cite as supporting them seem generally distinguishable from the present case in that they involve situations where the defendant had ceased to make any use of the party wall, as for example in the case of *Thompson* v. *DeLong,* 267 Pa. 212. That is not so here where the defendants continue to make use of the wall. In such circumstances it is no more than just and reasonable that they should pay the expenses occasioned by their action in depriving the plaintiffs of their easement of support and protection from the elements. *Bean* v. *Dow,* 84 N. H. 464; *Cino Theatre Co.* v. *B/G Sandwich Shop,* 24

F. (2d) 31. It follows that the prayer for an injunction was properly denied and that there must be

*Judgment on the verdict.*

All concurred.