PALATINE INS. CO., LIMITED, OF MANCHESTER, ENG., v. O'BRIEN.

(Circuit Court of Appeals, Fourth Circuit. April 9, 1907.)

. No. 697.

INSURANCE—ADJUSTMENT OF LOSS—ARBITRATION—AWARD.

 Plaintiff owned three buildings, two of which she insured in defendant company against loss by fire, and also procured from defendant a policy insuring the rents of all the buildings. The buildings having been totally destroyed by fire, arbitrators were appointed, and awarded plaintiff three months' rent on all the buildings, and $3,835.56 on the two buildings insured. No date was set in the award from which the three months was to run, nor did the award specify the monthly rent which was to be allowed, whereupon defendant construed the award to entitle plaintiff to three months' rent from the date of the award, and paid into court what it claimed to amount to the rent for five months, together with the additional loss on the buildings. *Held*, that such award was fatally defective for uncertainty as to the amount allowed for the rent, and, this being inseparable from the balance, the whole award was void.

Appeal from the Circuit Court of the United States for the District of Maryland.

John J. Donaldson (Daniel H. Hayne on the brief), for appellant.
Hyland P. Stewart, for appellee.

Before PRITCHARD, Circuit Judge, and WADDILL and McDOWELL, District Judges.

McDOWELL, District Judge. The appellee, complainant below, owned three buildings in Baltimore, known as 4, 6, and 8 East German street. She insured with the appellant the two buildings, 4 and 6 East German street, in the sum of $6,000 against loss or injury by fire. She was also insured by the same company against loss of rents by fire on the said two buildings in the sum of $1,800, and had a similar policy against loss of rents of the building known as No. 8 East German street in the sum of $1,040. In both the rent policies it is stipulated:

"Loss to be computed from the date of the fire and to cease upon the premises again becoming tenantable."

The three buildings were totally destroyed in the great Baltimore fire of February, 1904.

On March 25, 1904, the parties entered into an agreement which so far as is now material reads as follows:

"It is hereby agreed by estate of Thomas J. O'Brien, of the first part, and the Palatine Insurance Company of Manchester, of the second part, that J. J. Walsh and Henry Z. Niblett (together with a third person to be chosen by them in advance, to decide only upon matters of difference between them), shall estimate and appraise at the actual cash value the loss and damage caused by fire on the 7th day of February, 1904, to the property belonging to building and rents as specified below, or in the accompanying schedule, which estimate and appraisement by them, or any two of them in writing as to the amount of such loss and damage, shall be binding on both parties hereto, it being understood that this appointment and submission is without reference to any other questions or matters of difference between the terms and conditions of the insurance and is of binding effect only so far as regards the actual cash value of and the loss and damage to said property."

And then follows the substance of the three policies.

An umpire appears to have been agreed upon, but he was not called upon to act.

On March 30, 1904, the appraisers made the following award:

We, the undersigned, have carefully estimated and appraised the actual cash value of and damage to the property of ———. In conformity with the foregoing appointment and declaration, we hereby report that we have determined the actual cash value of any loss and damage thereon to be as follows:

Time required to erect buildings complete as follows:

|  | Cash Value. | Loss and Damage. |
|---|---|---|
| No. 8 E. German St. | 3 months |  |
| " 4 & 6 E. German St. | 3 months |  |
| Loss on Bldg. 4 & 6 E. German St. | $3,835.56 | $3,835.56 |
| Total | $3,835.56 | $3,855.56 |

Witness our hands at Baltimore this 30th day of March, 1904.
[Signed]                    J. J. Walsh,
                            Henry Z. Niblett,
                            Appraisers.

After learning of the nature of the award, and feeling aggrieved thereby, the appellee declined to abide by it, and instituted an action at law in the state court for a recovery on the insurance policies. As a defense to this action, the insurance company pleaded the submission and award, and paid into court as the damages to the two buildings the sum of $3,835.56, with interest and costs. As a compliance with the award under the two rent policies, the defendant also paid five months' rent, with interest and costs, alleging the rent on the two buildings insured by appellant to have been $230 per month, and the rent on the remaining building to have been $85 per month. Thereupon appellee filed her bill in equity in the state court, praying that the award be set aside, and that the insurance company be restrained from using the award as a defense to the action at law. The equity suit was removed to the federal court, and after an amended bill had been filed the appellee answered. Replication was filed, evidence was taken, and the trial court set aside the award and enjoined the insurance company from setting it up in defense. There are many other facts in the record which, in view of the conclusion reached by us, need not be here stated. It appears that one of the results of the fire was that the city authorities of Baltimore refused to grant permits for rebuilding for a considerable time after the fire.

We shall first consider that part of the award which relates to loss of rents. In this respect the award fixes no sum of money, but merely finds a loss of rents for a period of three months. It is argued that this award is sufficiently certain as it is a mere matter of calculation to ascertain the sum intended to be awarded. Inasmuch as the parties had not agreed what the rent was, and as it may not have been a money rent, it seems clear that an award in this form leaves open to dispute a possible ground of contention. How the insurance company learned the rentals to be $230 and $85 per month does not appear. So far as we can learn these figures may not be correct. However, we need not base our conclusion on this point alone. In another respect the award as to the rents is wholly uncertain. The policies specify that the loss of rents insured against is from the date of the fire, and the policies are incorporated in the submission. Whether the appraisers intended to allow a sum equal to the rent for a period of three months from the date of the fire, or from the date of the award, is left entirely uncertain. In making its payment into court, the award having been made nearly two months after the fire, the insurance company construed the award as meaning three months after the award. In view of the continued refusal of the city authorities to allow rebuilding, and the fact that nearly two months of loss of rents had occurred when the award was made, such construction was necessary to relieve the award of gross unfairness to the appellee. But we are entirely unable to say that this is what the arbitrators intended.

It is contended that this feature of the award is separable from the part of the award fixing the loss under the policy insuring the two buildings which were insured by the appellant, and that the invalidity of the part of the award relating to loss of rents does not affect the remainder. We cannot accede to the correctness of this contention. In Russell on Arbitration, p. 316, it is said:

"Though before the time of King James the First, according to Holt, C. J., an award void in part was considered void altogether (a) it is now quite clear that an award bad in part may often be good for the rest. If, notwithstanding some portion of the award is clearly void, the remaining part contained a final and certain determination of every question submitted, the valid portion may frequently be maintained as the award, though the void part be rejected."

See, also, Morse on Arbitration, pp. 454, 455; 3 Cyc. 713, and authorities cited; 2 Am. & Eng. Ency. (2d Ed.), 741, 742, and authorities cited.

The matter submitted here was the total damage to the appellee by the fire. The purpose of the parties in submitting this matter to the appraisers was to avoid controversy and litigation. To sustain in part an award which is void for uncertainty as to a very considerable part of the matter submitted is in effect to make and enforce a contract which the parties did not make, and one which they doubtless would not have been willing to make. The award does not respond to the submission. It leaves undetermined, and hence open to controversy and litigation, an important part of the matter submitted. It is not, on its face, a final settlement of the matter submitted, it is not the award the parties authorized, and it does not accomplish the purpose intended.

'Again, we are wholly unable to say that the appraisers would have agreed on the sum awarded as loss on the buildings, had the appraisers known that their award as to the loss of rents was invalid.    While the appraisers did in their award separate the two items, it does not follow that either item of allowance was arrived at independently.    For instance, assuming for the present that both appraisers intended the loss of rents to be three months after the award, or five months all told, it may be that Walsh regarded the sum fixed upon as loss on the buildings as too small, but agreed to it, because he thought five months' rent loss more than appellee was entitled to claim.    In McCormick v. Gray, 13 How. (U. S.) 27, 39, 14 L. Ed. 36, it is said:

"There are cases in which, after rejecting part of an award, the residue is sufficiently final, certain, and in conformity with the submission to stand; but it is indispensable that the part thus allowed to stand should appear to be in no way affected by the departure from the submission."

'From every standpoint we are satisfied that the award here cannot be sustained in part and set aside in part.

It follows that the decree of the trial court must be affirmed.

WADDILL, District Judge (concurring).    I concur in the affirmance of the decision of the lower court for the reasons given above, and, moreover, because I think it sufficiently appears in the record that the award sought to be set aside was but the action and judgment of a single, instead of both arbitrators.    The purpose of the arbitration was to ascertain the loss under certain policies of insurance arising by reason of the destruction of the insured premises by fire.    The buildings were totally destroyed.    Only one of the arbitrators was familiar with and saw the buildings, and knew of their value before the fire.    Nevertheless, they undertook without proof of any sort before them, or any opportunity afforded the assured to furnish proof, to ascertain the loss sustained by her.    Such an award was but the finding of a single arbitrator, instead of two, as required under the agreement of submission, which provided for the action of both, and, in case of disagreement, an umpire was to be called in to decide the question in dispute.