Mutual Improvement Company *v.* Merchants & Business Men's Mutual Fire Insurance Company

(No. 7315)

Submitted May 4, 1932.   Decided May 17, 1932.

*Steptoe & Johnson, Stanley C. Morris,* and *J. Horner Davis, 2nd,* for plaintiff in error.

*Carl C. Sanders* and *Ben H. Ashworth,* for defendant in error.

Lively, Judge:

Judgment on a verdict of $2,190.00 was rendered against defendant on a standard fire insurance policy contract January 13, 1932, and defendant prosecutes error.

The fire began in the Raleigh Hardware Company's building adjoining plaintiff's building, there being between the two a party wall 22 inches thick, with 13 inches thereof on the lot of the Hardware Company and 9 inches on plaintiff's lot. The party wall was injured as well as other parts of plaintiff's building. Defendant's policy was for $10,000.00, which, with other insurance on the building, aggregated $25,000, and all policies carried a rider known as the 90% reduced rate contribution clause. Failing to agree on the amount of loss, appraisers were appointed by the insurance companies and plaintiff, and they (the appraisers) selected an umpire under a provision of the policy which provided that an award made by any two in writing should determine the amount of sound value and loss or damage. These appraisers made an award in writing, signed by all, on September 30, 1931. Pursuant to an agreement in writing for submission to them signed by the assured and the companies, they found (1) the sound value of the building at the time of the fire, including the entire party wall, to be $38,000, and the loss and damage thereto at $3615.90; (2) that the sound value of the building, including that part of the party wall on plaintiff's lot (9 inches), to be $36,000, and the damage thereto at $1282.96; and (3) that the said value, including one-half of the party wall, to be $36,000 and the loss to be $2155.16. The appraisers, in their award, explained why they had found the sound value and damages in three ways by saying that there was a controversy between the parties as to the extent of ownership in the party wall, a controversy which the appraisers could not determine, and therefore they made the award to meet the decision of that controversy whatever it might be. Plaintiff refused to abide by the appraisal and sued on the policy. Defendant accepted the appraisal, and by special plea set up the award as a bar to the suit and tendered into court the sum of $1,057.04, being its alleged proportion of the damages payable upon the award most favorable to plaintiff, that is, the damage to the whole of the party wall, including the damage to the remainder of the building. Plaintiff refused the tender and demurred to the plea, which demurrer the court sustained,

holding that the award was void on its face. The action of the court in sustaining the demurrer to this plea, is the first point of error urged.

There is merit in this point. We can see no uncertainty in the award, for it fixes the sound values and losses whatever view might be taken of the extent of plaintiff's interest in the party wall, which interest in the wall sustained, apparently, the major loss. Neither the provision in the standard policy nor the submission in writing by the parties required or expected the appraisers to settle controversies of law. It was not within the scope of their powers or duty. All they were required to do was to ascertain the sound value of the building at the time of the fire, and the damages or loss occasioned by the fire. This, their award did, and it furnishes a basis for the calculation of defendant's proportionate liability. *Eureka Pipe Line Co.* v. *Simms*, 62 W. Va. 628, 59 S. E. 618. The second point of the syllabus in that case reads: "An award will not be void for uncertainty although it does not specify the exact amount to be paid, where it gives the rule or indicates the means by which such sum can be calculated." The agreement for submission was entered into by all of the four insurance companies carrying insurance on plaintiff's building to the amount of $25,000, and the amount which each should pay under the contribution clause was a matter of mathematical calculation. It must be remembered that the appraisers were not required to make a finding on questions of law. Evidently the court was influenced in holding that the award was void on its face by the cases of *Connor* v. *Simpson*, 104 Pa. St. Repts. 448; *Coghill* v. *Hord*, (Ky.) 25 Am. Dec. 148; and *Palatine* v. *O'Brien*, 152 Fed. 922. The *Connor* case arose out of a contract for grading in which the chief engineer was appointed a common arbiter to whom all questions growing out of the contract were to be submitted and whose decision was to be final and binding upon both parties. The parties disagreed upon the proper construction of the contract, and the common arbiter made an award in which he did not pass upon the construction of the contract. The court said the award, which was in the alternative, was not in accordance with the

submission, holding that the arbiter was bound, under the terms of the submission, to decide every question before him, whether of law or fact; and refused to uphold the judgment of the trial court entered upon the award. The award was not responsive to the submission. In the instant case, the appraisers were not required to pass upon the extent of ownership of plaintiff in the party wall, but only upon the sound value and loss. In *Coghill* v. *Hord, supra,* the controversy was over a division of land, and upon the petition of the parties, the court referred the matter to arbitrators who made an award which allowed one of the parties to make an election without prescribing the time in which the election should be made, and did not ascertain the value in money of the land which one party might have at his election. The award was not final, certain and conclusive. In *Palatine Ins. Co.* v. *O'Brien, supra,* which as a fire insurance case, the award did not fix any amount which the insurance company should pay for rents, the payment of which was insured from the time of a fire until the premises should again become tenantable, or any basis for calculation, simply saying that rents should be paid for three months. The amount to be paid and the time from which the three months should run were not fixed and certain. These cases have little influence in the instant case. Under the award as returned, defendant waived any question of ownership of the party wall, and offered to pay the award of loss as if plaintiff owned the entire wall, and all the damage thereto as plaintiff's damages. The legal question of ownership as affecting the alternative awards of the amount of loss was thereby obviated in favor of plaintiff, and for the purposes of the suit on the policy, the extent of ownership of the party wall was out of the case. It is jurisdictional that only a wronged party can complain. One who is not injured, or may not be injured, cannot sue.

The law favors arbitrations, and every reasonable intendment will be indulged in support of them (Vol. 7, Couch Cyc. of Ins. Law, sec. 1620), and bearing this principle in mind, we can see no uncertainty in the award, as to the respective amounts of damages to which plaintiff is entitled,

according to its quantum of interest in the damaged party wall. The award was not void on its face, and it was error to sustain the demurrer to the plea which sets up in full the submission and award. The case was tried as if there had been no abritration and award settling the sound value of the building at the time of the fire and the loss or damage thereto. If the plea be sustained upon a proper issue thereto, the amount of sound value and loss is foreclosed so long as the award stands. Whether it can be set aside for proper cause has not been determined. That issue was not raised.

Another point of error is that the court erred in holding that the suit could be maintained on the policy, rather than upon the award. That point is not well taken, for under the court's holding, there was no award to be considered. A void award is a nullity. The award was admitted in evidence for the sole purpose of weakening the testimony of one of the appraisers who fixed a different value on the building from that which he fixed in the award he signed.

The other points of error are not important, for they were committed (if erroneous), on a wrong theory of the case, and could not have occurred if the award had been admitted and stood as precluding inquiry as to the sound value and loss.

For the error in sustaining the demurrer to the plea setting up the submission and award, the judgment will be reversed, the verdict set aside, and a new trial awarded.

*Reversed; verdict set aside; new trial awarded.*