IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2021 Term

_____

No. 20-0075

_____

FILED
**April 16, 2021**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

SARAH L. BIRCHFIELD,
Petitioner

v.

ZEN'S DEVELOPMENT, LLC,
UPTOWN PROPERTIES, LLC, &
KENNETH W. MCBRIDE, JR.,
Respondents

_____

Appeal from the Circuit Court of Raleigh County
The Honorable Darl W. Poling, Judge
Civil Action No. 15-C-733

AFFIRMED

_____

Submitted: March 17, 2021
Filed: April 16, 2021

Mark A. Sadd, Esq.
Angela C. Ramsey, Esq.
Lewis Glasser PLLC
Charleston, West Virginia
Counsel for Petitioner

J. Victor Flanagan, Esq.
Daniel J. Burns, Esq.
Pullin, Fowler, Flanagan,
Brown & Poe, PLLC
Beckley, West Virginia
Counsel for Respondent,
Zen's Development, LLC

Chip E. Williams, Esq.
Jared C. Underwood, Esq.
Pullin, Fowler, Flanagan,
Brown & Poe, PLLC
Beckley, West Virginia
Counsel for Respondent,
Uptown Properties, LLC

Gerald Hayden, Esq.
Hayden & Associates, LC
Beckley, West Virginia
Counsel for Respondent,
Kenneth W. McBride, Jr.

JUSTICE ARMSTEAD delivered the Opinion of the Court.

JUSTICE HUTCHISON, deeming himself disqualified, did not participate in the decision of this case.

JUDGE THOMAS H. EWING, sitting by temporary assignment.

1.  "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995).

2.  "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

3.  "Party walls are as a general rule the subject of agreement, express or implied, between adjoining owners." Syl. Pt. 1, *Gates v. Friedman*, 83 W. Va. 710, 98 S.E. 892 (1919).

4.  "'It is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them.' *Cotiga Development Co. v. United Fuel Gas Co.,* 147 W.Va. 484, 128 S.E.2d 626 (1962), Syllabus Point 3." Syl. Pt. 2, *Bennett v. Dove*, 166 W. Va. 772, 277 S.E.2d 617 (1981).

5.  In the absence of a contractual duty addressing the removal of a building attached to a party wall, the owner of a building sharing a party wall may remove his building without liability to the adjoining owner so long as the owner 1) provides notice of the removal to the adjoining owner, 2) uses reasonable care to protect the structural

integrity of the party wall, and 3) avoids damage to the adjoining owner's building resulting from the removal.

6.     In the absence of a contractual duty addressing the removal of a building attached to a party wall, an owner who removes a building attached to a party wall does not have a duty to protect the party wall against the elements.

7.     "Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived." Syl. Pt. 6, *Addair v. Bryant*, 168 W. Va. 306, 284 S.E.2d 374 (1981).

8.     "An order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable except in special instances in which an interlocutory order is appealable." Syl. Pt. 8, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of NY*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

ARMSTEAD, Justice:

This appeal concerns a party wall agreement between adjoining property owners in Beckley, West Virginia. Petitioner, Sarah L. Birchfield ("Petitioner"), owns a commercial building that shares a party wall with the adjacent property. The three Respondents, Zen's Development, LLC ("Respondent Zen's"), Uptown Properties, LLC ("Respondent Uptown"), and Kenneth McBride, Jr. ("Respondent McBride"), are the current or previous owners of the adjacent property. Petitioner's lawsuit against these three Respondents included claims for negligence and breach of the party wall agreement. The circuit court granted summary judgment to all three Respondents on the breach of the party wall agreement claim, and it granted summary judgment to Respondent Uptown and Respondent McBride on Petitioner's negligence claim.

On appeal, Petitioner raises eleven assignments of error contesting the circuit court's ruling granting summary judgment in favor of Respondents. After review, and for the reasons explained herein, we affirm the judgment of the circuit court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner purchased a commercial building located at 322 Neville Street in Beckley, West Virginia, in August of 2007. Petitioner's property is referred to as "Lot 4." The adjacent property on Neville Street, referred to as "Lot 5," was owned by Respondent McBride when Petitioner purchased Lot 4. These two properties shared a common wall ("party wall").

1

A party wall agreement was established through a June 12, 1919, deed between the then-owners of Lot 4 and Lot 5. It provides, in relevant part,

> the said first party [owner of Lot 4] does hereby Give, grant and sell unto the said second party [owner of Lot 5] one-half of said 18[-]inch wall and the strip of land on which it is being built, with the right to join to said wall and to the use of said wall as a party wall.

> Mable L. Ross [owner of Lot 5] is to build front pier on her side of division line to support front of building. The said wall is 74 feet long, 18 inches thick to top of first story, which is to be high enough so that store room on first floor will be 14 feet from floor to ceiling, to be built of stone, of good workmanship and a good substantial wall; and the second story or remainder of said wall is to be brick 15 inches thick and built on center line and high enough so that rooms on second floor of said building will be 9 feet from floor to ceiling, with proper heigth [sic] above roof.

> The wall to be a party wall and as such to be part of each building (when building is erected on lot 5) and the title to which shall pass by deed to each of said lots.

It is undisputed that the party wall agreement 1) runs with the land, 2) has not been terminated, and 3) remains in effect. The party wall agreement is silent as to any obligations each party has regarding the wall's maintenance, care, and upkeep. Further, the party wall agreement does not address what responsibilities or duties an owner has in the event that one of the buildings connected to the party wall is destroyed.

In February of 2008, a fire significantly damaged the building on Lot 5, which was owned at that time by Respondent McBride. Petitioner stated that she received a call on the night of the fire letting her know that it had occurred. Upon arriving at her building the next day, Petitioner stated that her basement was "flooded. There was water

2

everywhere; it looked like a warzone." Petitioner hired a contractor to remove the water from her basement. She stated that she did not contact her insurance company after the fire because she felt her contractor could make the repairs, and that she did not need to file a claim.

The building on Lot 5 was demolished a short time after the fire occurred. Respondent McBride removed the debris from Lot 5, leaving the party wall exposed. Petitioner stated that she witnessed the removal of the debris on Lot 5: "I saw dump trucks, excavators. It wasn't a small cleanup crew in there." After the debris was removed, Respondent McBride sold Lot 5 to Respondent Uptown in July of 2008.

Upon acquiring Lot 5, Respondent Uptown built an outdoor elevated wood patio deck for its restaurant that was located on Lot 6. The elevated patio deck was attached to the party wall on Lot 4. On December 13, 2012, Harper Rentals, Inc.[1] acquired Lot 5 from Respondent Uptown, and removed the patio deck from the party wall. On December 15, 2015, Harper Rentals, Inc. conveyed Lot 5 to Respondent Zen's. Respondent Zen's, the current owner of the property, excavated and paved Lot 5.

Petitioner filed her initial complaint on July 30, 2015, against three defendants[2] alleging tortious interference with a business relationship, and breach of the

---

[1] Harper Rentals, Inc. was initially named as a defendant in this matter. It entered into a settlement agreement with Petitioner, and is no longer a party in this case.

[2] These three defendants were Matthew Bickey, Mine Power Systems, Inc., and Harper Rentals, Inc. None of these defendants remain in this case.

party wall agreement. Petitioner filed an amended complaint in 2017 in which she named the three current Respondents, and alleged three causes of action: 1) tortious interference with a business relationship,[3] 2) breach of the party wall agreement, and 3) negligence.

Regarding the breach of the party wall agreement, Petitioner's amended complaint provides

> [e]ach of the Defendants had or has a *contractual duty* to the Plaintiff to maintain the integrity [sic] Plaintiff [and Defendants have] a *contractual duty* to each other to maintain said wall. . . . The Plaintiff has been materially, substantially[,] and continuously damaged, and has otherwise been harmed as a result of the Defendants' *breach of contract* of the Party Wall Agreement. The Plaintiff continues to suffer damages to Lot 4 because of the failure of each of the Defendants to perform his or its obligations under the Party Wall Agreement.

(Emphasis added).

Petitioner's negligence claim provides that all three Respondents had a duty to Petitioner to maintain the party wall, and not to negligently damage it. Petitioner alleged that each of the Respondents breached this duty, causing her to suffer damages: "[Petitioner] continues to suffer damages to Lot 4 because of the failure of each of the Defendants to maintain the party wall and not to negligently damage it."[4]

---

[3] The circuit court granted summary judgment to Respondents on the tortious interference with a business relationship claim. Petitioner has not appealed that ruling.

[4] Petitioner retained an expert who stated that Petitioner's basement on Lot 4 had continually filled with water since the building on Lot 5 had been demolished in 2008. This expert also stated that the party wall was damaged by its exposure to the elements following the removal of the building on Lot 5.

4

Following initial discovery, the circuit court issued a ruling in December of 2018 that 1) granted summary judgment in favor of Respondent McBride and Respondent Uptown on Petitioner's negligence claim, and 2) found that liability on the breach of the party wall agreement would be determined at trial. The circuit court's ruling on the issue of negligence explained that "[t]he undisputed evidence is that the Plaintiff knew of the damages prior to July 30, 2013. The statute of limitations on a negligence claim is two (2) years. It is clear that the Plaintiff failed to file her claim of negligence within the allotted timeframe under the statute"[5] as to Respondent McBride and Respondent Uptown. Respondent McBride sold Lot 5 in 2008. Respondent Uptown sold Lot 5 in 2012. Petitioner's lawsuit was not filed until July of 2015. The circuit court determined that Petitioner's negligence claim against Respondent Zen's could proceed to trial.

---

[5] W. Va. Code § 55-2-12 (1959) provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

Shortly after the circuit court's December 2018 ruling was entered, a new circuit court judge was assigned to this case.[6] The case was scheduled for trial on January 27, 2020, and the parties filed renewed motions for summary judgment in November and December of 2019. The circuit court's December 13, 2019, order addressing these motions mainly involved two issues: the remaining negligence claim against Respondent Zen's, and the breach of the party wall agreement claim that remained against all three Respondents.

Both Petitioner and Respondent Zen's filed summary judgment motions on the remaining negligence claim. The circuit court denied both of these motions, ruling that "the issue of whether Zen's actions in grading the vacant lot and its actions after taking ownership of the lot are questions of fact that must be addressed at trial."

The circuit court granted summary judgment in favor of all three Respondents on the breach of the party wall agreement claim. The circuit court concluded that "there are no statutes in West Virginia pertaining to party walls, [and] the case law in West Virginia dealing with party wall rights and duties is limited. Therefore, the Court was required to look to other jurisdictions for guidance in determining the governing law in this case." The circuit court concluded that absent contractual duties, a party can remove its building subject to a party wall agreement when 1) notice is provided, 2) reasonable

---

[6] Justice John A. Hutchison, then serving as a circuit court judge, presided over this matter in December of 2018 when the circuit court entered its order on the parties' various motions for summary judgment. After Justice Hutchison began serving on the West Virginia Supreme Court of Appeals, Circuit Court Judge Darl W. Poling presided over this case.

6

care is taken to protect the structural integrity of the party wall, and 3) the removal does not damage the adjoining building and its contents. The circuit court noted that Petitioner had not alleged that she was damaged "by the failure of any Defendant to provide notice of the intended removal of the burned building." While the circuit court found that there was a question of fact regarding "whether a party has exercised reasonable care in the removal of its building from the party wall," it noted that the only party that Petitioner had asserted a timely negligence claim against was Respondent Zen's. Since the removal of the debris took place years before Respondent Zen's acquired Lot 5, the circuit court determined that any issue regarding the demolition and removal of the debris was moot. The circuit court also ruled, relying on caselaw from other jurisdictions, that after the building on Lot 5 was destroyed, Respondents did not have a duty to protect the party wall from the elements.

After entry of the circuit court's order, Petitioner filed a "Rule 60(b) Motion for Relief from Judgment or, in the Alternative, motion to Certify Questions." The circuit court denied this motion by order entered on January 6, 2020. Petitioner subsequently filed the present appeal.[7]

---

[7] While Petitioner's negligence claim against Respondent Zen's remains pending for trial, the circuit court's order denying the motion for relief from judgment provided,

> [t]he Court further concludes that the appropriate process of addressing this Court's adverse ruling is to appeal the matter to the West Virginia Supreme Court of Appeals on appropriate issues that are appealable. Accordingly, the Court concludes

(continued . . .)

7

## II. STANDARD OF REVIEW

This appeal requires us to examine the circuit court's ruling granting summary judgment in favor of Respondents. We have held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Further,

> [s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995).

## III. ANALYSIS

Two main issues are raised in this appeal: the circuit court's ruling granting summary judgment to all three Respondents on the breach of the party wall agreement claim, and its ruling granting summary judgment to Respondent McBride and Respondent Uptown on the negligence claim. Our review will consist of 1) a general discussion of the assignments of error raised by Petitioner; 2) the circuit court's ruling on the breach of the party wall agreement claim; and 3) the circuit court's ruling on the negligence claim.

---

that this action should be stayed at this time pending a decision of the West Virginia Supreme Court of Appeals[.]

8

Petitioner raises eleven assignments of error in her brief to this Court.[8]

However, we decline to address the majority of these assignments of error individually

8 The eleven assignments of error are as follows:

1. The Circuit Court erred when it concluded: "Since there are no statutes in West Virginia pertaining to party walls, the case law in West Virginia dealing with party wall rights and duties is limited. Therefore the Court was required to look to other jurisdictions for guidance in determining the governing law in this case."

2. The Circuit Court erred when, in adopting party wall duties from Kansas and Washington State for the common law of West Virginia and then applying them in this case, it conflated two separate and distinct party wall duties expressed in those jurisdictions into a single duty.

3. The Circuit Court erred when it found that the party wall in the instant case is not structural because Petitioner's uncontested expert testimony is that the party wall is structural.

4. The Circuit Court erred when it concluded that the burning of a building subject to party wall servitudes as a matter of law fulfills that building owner's the [sic] duty to "give notice of the intended removal" of his building to the other party wall owner.

5. The Circuit Court erred when it found that "[i]n the present case, the Plaintiff has failed to identify the party or person(s) that undertook the removal of the damaged building on the Defendants' side of the party wall."

6. The Circuit Court erred when it entered summary judgment in favor of Respondent McBride whether (1) McBride "use[d] reasonable care to protect the structural integrity of the party wall" and (2) McBride "avoid[ed] damage to the adjoining owner's building resulting from the removal" because the lower court had not heard the testimony of Petitioner's expert witness.

7. The Circuit Court erred when it failed to enter summary judgment in favor of Petitioner whether Respondent McBride (1) "use[d] reasonable care to protect the structural integrity of the party wall" and (2) "avoid[ed] damage

(continued . . .)

9

to the adjoining owner's building resulting from the removal" – embracing two separate and distinct party wall duties – because the testimony of Petitioner's expert witness on these two matters of scientific opinion is undisputed.

8.  The Circuit Court erred when it entered summary judgment in favor of Respondents McBride and Uptown Properties on Petitioner's negligence claim on the incorrect finding that those Defendants had no duty to Petitioner to protect Respondents' one half of the party wall from the elements and thus ultimate failure and collapse.

9.  The Circuit Court erred when it entered summary judgment in favor of Respondents McBride, Uptown Properties and Zen's Development on Petitioner's party wall claim on the incorrect finding that those Respondents had no duty to Petitioner to protect Respondents' one half of the party wall from the elements and thus from failure and ultimate collapse.

10. The Circuit Court erred when it failed to find *prima facie* negligence by each of Respondents because of their violations of the Ordinances of the city of Beckley, West Virginia, including the following:

a. Section 3303.4 Vacant lot. Where a structure has been demolished or removed, the vacant lot shall be filled and maintained to the existing grade or in accordance with the ordinances of the jurisdiction having authority.

b. Section 3303.5 Water Accumulation. Provision shall be made to prevent the accumulation of water or damage to any foundations on the premises or the adjoining property.

c. Section 3307.1 Protection required. Adjoining public and private property shall be protected from damage during construction, remodeling and demolition work. Protection shall be provided for footings, foundations, party walls, chimneys, skylights and roofs. Provisions shall be made to control water runoff and erosion during construction or demolition activities. . . [Written notice shall be given to the "owners of adjoining buildings"].

d. Section 1502.1 Protection Required. Adjoining public and private property shall be protected from damage during construction and demolition work. Protection must be provided for footings, foundations, party walls, chimneys,

(continued . . .)

10

because they do not comply with our rules of appellate procedure. Specifically, the majority of the assignments of error do not include any citation to legal authority or pinpoint citation to the appendix record.[9]

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] *must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal*. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

---

skylights and roofs. Provisions shall be made to control water runoff and erosion during construction or demolition activities. The person making or causing an excavation to be made shall provide written notice to the owners of adjoining building advising them that the excavation is to be made and that the adjoining buildings should be protected. Said notification shall be delivered not less than 10 days prior to the scheduled starting date of the excavation.

11. The Circuit Court erred when it entered summary judgment in favor of Respondents McBride and Uptown Properties on whether they acted reasonably in directing or permitting surface water to flow into the Petitioner's building on the adjoining lot.

[9] Petitioner's assignments of error two, four, and five do not include any pinpoint citation to the appendix record, nor do they include citation to specific legal authority. Assignments of error six, seven, eight, and nine are addressed in combination in seven sentences that do not include any pinpoint citation to the appendix record. The only legal authority mentioned in these seven sentences is a general reference to Rule 56 of the West Virginia Rules of Civil Procedure. Assignments of error ten and eleven do not include any pinpoint citation to the appendix record.

(Emphasis added).

Additionally, in an Administrative Order entered by this Court on December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, we noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.*

This Court has repeatedly emphasized that issues that are not supported with pertinent authority will not be considered on appeal.[10] While Petitioner raises eleven assignments of error, we find that the crux of this appeal involves the circuit court's ruling

---

[10] This Court has ruled that "[i]n the absence of supporting authority, we decline further to review [these] alleged error[s] because [they] have not been adequately briefed." *State v. Allen*, 208 W. Va. 144, 162, 539 S.E.2d 87, 105 (1999). Additionally, in *State, Department of Health v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995), we stated "'[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.'" (*quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)). Moreover, this Court has determined that "[a]lthough we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996). *Accord State v. Adkins*, 209 W. Va. 212, 216 n. 5, 544 S.E.2d 914, 918 n. 5 (2001); *State v. Easton*, 203 W. Va. 631, 642 n. 19, 510 S.E.2d 465, 476 n. 19 (1998); *State v. Lilly*, 194 W. Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995) (noting that "appellate courts frequently refuse to address issues that appellants . . . fail to develop in their brief.").

12

on Petitioner's breach of the party wall agreement claim and on the negligence claim. We address these issues below.

The circuit court granted summary judgment to all three Respondents on Petitioner's breach of the party wall agreement claim. Petitioner argues that the circuit court's ruling was erroneous because it treated the breach of the party wall claim as a contract claim, rather than as a tort claim. By contrast, Respondents argue that the breach of the party wall agreement dispute is a contract claim, not a tort-based claim.

The circuit court analyzed the parties' duties under the written party wall agreement contained in the 1919 deed, and treated the breach of the party wall claim as a contract claim. We find that the circuit court's analysis is consistent with our caselaw on party wall agreements, and the plain language of Petitioner's amended complaint.

This Court has ruled that "[a] party wall, in the legal sense of the term, can only exist in one of two ways: either by contract or by statute; for the common law creates no such right." *List v. Hornbrook*, 2 W. Va. 340, 342 (1867). West Virginia does not have a party wall statute, thus, the only way a party wall agreement can exist in West Virginia is pursuant to a contract. Consistent with our ruling in *List*, this Court has held that "[p]arty walls are as a general rule the subject of agreement, express or implied, between adjoining owners." Syl. Pt. 1, *Gates v. Friedman*, 83 W. Va. 710, 98 S.E. 892 (1919). The party wall agreement in the present case exists pursuant to a written contract, the 1919 deed.

In Petitioner's amended complaint, she asserted separate claims for breach of the party wall agreement and negligence. In her breach of the party wall agreement

13

claim, Petitioner alleged that Respondents breached a contractual duty under the party wall agreement. The amended complaint unambiguously sets forth that this is a contract claim:

> [e]ach of the Defendants had or *has a contractual duty* to the Plaintiff to maintain the integrity [sic] Plaintiff [and Defendants have] *a contractual duty* to each other to maintain said wall. . . . The Plaintiff has been materially, substantially[,] and continuously damaged, and has otherwise been harmed as a result of the Defendants' *breach of contract* of the Party Wall Agreement.

(Emphasis added).

Based on the foregoing, we reject Petitioner's argument that the circuit court erred by treating the breach of the party wall agreement claim as a contract claim. The party wall agreement in this case is set forth in a written contract and Petitioner clearly asserted that the breach of this agreement was a breach of contract.

Further, we find that the circuit court did not err by granting summary judgment to Respondents on the breach of the party wall contract claim. "A claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015). The party wall agreement is silent as to any obligations each party had regarding the wall's maintenance, care, and upkeep. Further, the party wall agreement does not address what responsibilities a party has in the event that one of the buildings connected to the party wall is destroyed. We conclude that Petitioner has failed to adequately allege, much less establish, any evidence demonstrating that Respondents breached a term contained in the party wall agreement. Accordingly, we agree with the

14

circuit court's ruling granting summary judgment to Respondents on Petitioner's breach of the party wall agreement claim. To find otherwise would require this Court to add terms to the party wall agreement that it does not contain. As this Court has often observed, "'[i]t is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them.' *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962), Syllabus Point 3." Syl. Pt. 2, *Bennett v. Dove*, 166 W. Va. 772, 277 S.E.2d 617 (1981).

Next, we address Petitioner's negligence claim. We note at the outset that the circuit court determined that the negligence claim as to Respondent McBride and Respondent Uptown was untimely. We agree with this ruling and will address it below. However, having found the absence of an enforceable contractual duty, we begin by examining the two main issues raised in this case, namely: 1) what obligations does a party have when removing a building that was attached to a party wall, and 2) whether a party that has removed a building attached to a party wall has an obligation to protect the party wall from the elements. Petitioner argues that the circuit court's resolution of these issues was erroneous because it improperly relied on cases outside of our jurisdiction, crafted rules based on these cases, and incorrectly applied these rules to the facts of this case.[11]

---

[11] Petitioner's arguments on these issues are intermingled with her arguments asserting that the circuit court erred by treating the breach of the party wall claim as a contract claim. We find that these issues are primarily relevant to Petitioner's negligence claim, and therefore include them in our discussion of the negligence claim.

The circuit court noted that neither the party wall agreement at issue, nor West Virginia caselaw, addresses these two issues. While acknowledging that the party wall agreement is silent on both of these issues, Petitioner asserts that "[i]n West Virginia, if a contract creating a party wall relationship is silent on rights or duties then West Virginia courts have supplied them." Thus, Petitioner is critical of the circuit court's reliance on cases from outside of our jurisdiction that have directly addressed the two main issues herein.[12]

We find no error in the circuit court's reliance on cases from outside of our jurisdiction. While Petitioner cites a number of cases from West Virginia that concern party walls, none of these cases directly address the rights, duties, and obligations of a party

---

[12] While Petitioner asserts that the circuit court erred by relying on cases from other jurisdictions, we note that in Petitioner's August 27, 2018, motion for partial summary judgment before the circuit court, she cited, argued, and provided the court with copies of cases from Tennessee, Indiana, the Third Circuit, and the U.S. District Court of Appeals for the Eastern District of Pennsylvania. After one Respondent argued that these cases were non-binding on the circuit court, Petitioner's reply brief provided as follows:

> Plaintiff replies that these cases absolutely should guide this Court in granting Plaintiff summary judgment because those cases are natural and logical articulations of West Virginia's ancient recognition of the general principles of party walls stated in its own common law. *It just happens that there does not exist a case on point in West Virginia's jurisprudence.*

(Emphasis added). Likewise, Petitioner relies on cases from outside of our jurisdiction in the section of her brief to this Court in which she asserts that the circuit court erred by relying on cases from outside of our jurisdiction.

16

to a party wall agreement concerning the removal of a building attached to a party wall, or a party's duty to protect the party wall from the elements after the building is removed.[13]

Due to this lack of relevant authority in West Virginia, the circuit court relied on a Kansas case that directly addressed whether a party may remove a building attached to a party wall, what duties the party owes once he undertakes such removal, and whether the party has a duty to protect the party wall from the elements once the building is removed. In *Lambert v. City of Emporia*, 616 P.2d 1080 (Kan.1980), the Kansas court

---

[13] Petitioner relies on syllabus point two of *A.W. Cox Department Store v. Solof*, 103 W. Va. 493, 138 S.E. 453 (1927), in which this Court held that a party wall agreement "must be construed with reference to the conditions in and the construction of the building at the time the party wall agreement was made." This case does not provide guidance on the party wall issues raised herein. Additionally, Petitioner relies on *Gates*, in which this Court held,

> [w]here a party wall so exists, either of the owners has the right to enter upon it for the purpose of building up, extending or repairing said wall for his building, if it can be done without injury to the adjoining building and said wall is clearly of sufficient strength to bear the additional burden, unless he is restrained by the provisions of his contract or deed.

Syl. Pt. 3, 83 W. Va. 710, 98 S.E. 892. Again, this case does not address the party wall issues raised herein. Petitioner cites two other West Virginia cases, *Johnson v. Chapman*, 43 W. Va. 639, 28 S.E. 744 (1897), and *Mutual Improvement Company v. Merchant's & Business Men's Mutual Fire Insurance Company*, 112 W. Va. 291, 164 S.E. 256 (1932). The rights, duties, and obligations of the parties to the party wall agreement were not at issue in the *Johnson* case. In fact, the Court in *Johnson* only makes two references to a party wall agreement. The issue in *Mutual Improvement* was the enforceability of an arbitration provision under an insurance policy. The Court's ruling in *Mutual Improvement* does not resolve the party wall issues raised in the present case.

examined legal treatises and caselaw from numerous jurisdictions that addressed these

issues. The *Lambert* court determined that:

> Cases uniformly hold that the owner of a building sharing a party wall may remove his building without liability to the adjoining owner so long as he gives notice of the removal to the adjoining owner and uses reasonable care to protect the structural integrity of the party wall and avoid damage to the adjoining owner's building resulting from the removal. This rule applies even though removal of the building leaves the party wall exposed to the elements or unsightly. *Gorman v. TPA Corporation,* 419 S.W.2d 722, 724 (Ky.1967); *First Investment Co. v. State Fire Marshal*, 175 Neb. 66, 77, 120 N.W.2d 549 (1963); *Zaras v. City of Findlay*, 112 Ohio App. 367, 382-383, 176 N.E.2d 451 (1960); *Thompson v. DeLong, Appellant*, 267 Pa. 212, 110 A. 251, 9 A.L.R. 1326 (1920); *Cameron v. Perkins*, 76 Wash.2d 7, 15-16, 454 P.2d 834 (1969); 2 *Thompson on Real Property* s 402, p. 596 (1980); 60 Am.Jur.2d, Party Walls s 30, p. 297. Cf. *Third National Bank v. Goodlett Realty Co.*, 58 Tenn. App. 48, 60-61, 425 S.W.2d 783 (1967) (removal of building damaged party wall and liability ensued). The purpose of giving notice is to enable the adjoining owner to look to his own protection. *Gorman v. TPA Corporation*, 419 S.W.2d at 724; *Zaras v. City of Findlay*, 112 Ohio App. at 382, 176 N.E.2d 451.

616 P.2d at 1083.

Additionally, the circuit court relied on a case from Washington State that

addressed whether an owner who removes a building has a duty to protect the party wall

from the elements once the building is removed. *Cameron v. Perkins*, 454 P.2d 834 (Wash.

1969). The circuit court noted that the court in *Cameron* relied on caselaw from Michigan,

Iowa, Utah, New York, Virginia, and Nebraska, as well as legal treatises, and concluded

that "[o]ne removing a building is under no obligation to protect a party wall against rain

18

nor is he required to protect the wall by permanently covering it against the elements." *Id.* at 840 (*quoting* 2 Thompson on Real Property, § 403 at 629 (1961)).

Because West Virginia does not have any statutes or caselaw that directly addresses these issues, we find that the circuit court did not err by relying on *Lambert* or *Cameron* as persuasive authority. Consistent with the rule set forth in *Lambert*,[14] the circuit court determined, and we now hold, that in the absence of a contractual duty addressing the removal of a building attached to a party wall, the owner of a building sharing a party wall may remove his building without liability to the adjoining owner so long as the owner 1) provides notice of the removal to the adjoining owner, 2) uses reasonable care to protect the structural integrity of the party wall, and 3) avoids damage to the adjoining owner's building resulting from the removal. We also hold, consistent with the rule set forth in *Cameron*,[15] that in the absence of a contractual duty addressing the removal of a building attached to a party wall, an owner who removes a building attached to a party wall does not have a duty to protect the party wall against the elements.

---

[14] *See also J.P. Asset Co., Inc. v. City of Wichita*, 70 P.3d 711 (Kan. 2003) (*disapproved of on other grounds by*, *Cummings v. City of Lakin*, 80 P.3d 356 (Kan. 2003)); *Gorman v. TPA Corp.*, 419 S.W.2d 722 (Ky. 1967); *Salvation Army v. Kyle*, 778 N.W.2d 485 (Neb. App. 2009).

[15] *See* 59A Am. Jur. 2d *Party Walls* § 49 (2021) (footnotes omitted) ("The general rule requiring only notice and due care for the removal or demolition of a building which abuts a party wall, as between the party wall owners, governs even though the removal leaves the wall unprotected, exposed to the elements, or unsightly. There is no liability for the mere exposure of a party wall, so a landowner who demolishes his or her building and replaces it with a lower building need not protect the exposed portion of the party wall from rain or snow.").

When applying these holdings to the instant case, the circuit court noted that Petitioner had not alleged that she was damaged "by the failure of any Defendant to provide notice of the intended removal of the burned building." We agree. Respondent McBride could not have provided notice of the initial destruction of his building because the building was destroyed by an accidental fire. Further, Petitioner testified that she was aware of the fire that damaged the building on the night that it occurred, and was aware of the water intrusion into her building the next morning. Also, Petitioner testified that she was aware of the debris removal from Lot 5 while it was occurring. Therefore, we agree with the circuit court's conclusion that notice was not an issue in this case.

While the circuit court found that there was a question of fact regarding "whether a party has exercised reasonable care in the removal of its building from the party wall," it noted that the only party that Petitioner had asserted a timely negligence claim against was Respondent Zen's. Since the removal of the debris took place years before Respondent Zen's acquired Lot 5, the circuit court determined that any issue regarding the negligent demolition and removal of the debris was moot. We agree and find that no such claim for negligent removal of debris can be maintained against Respondent Zen's. The issue of whether Respondent McBride exercised reasonable care during the demolition and removal of debris from Lot 5 is part of Petitioner's negligence claim. As discussed in the following section, the negligence claim asserted against Respondent McBride and Respondent Uptown was not filed in a timely manner.

Next, we find that because the party wall agreement did not require either party to protect the party wall against the elements in the event that a building that was attached to the party wall was removed, and no such duty exists under West Virginia common law, the circuit court correctly determined that Respondents did not owe a duty to Petitioner to "take any steps to protect the exterior of the party wall from the elements after the removal of the structure formerly located on their property."

We now address the circuit court's ruling granting summary judgment to Respondent McBride and Respondent Uptown on the negligence claim on the basis that it was untimely. In December of 2018, the circuit court granted summary judgment in favor of Respondent McBride and Respondent Uptown on Petitioner's negligence claim. The circuit court determined that "[t]he undisputed evidence is that the Plaintiff knew of the damages prior to July 30, 2013. The statute of limitations on a negligence claim is two (2) years. It is clear that the Plaintiff failed to file her claim of negligence within the allotted timeframe under the statute [W. Va. Code § 55-2-12]" as to Respondent McBride and Respondent Uptown.

As noted by the circuit court, Respondent McBride sold Lot 5 in 2008. Respondent Uptown sold Lot 5 in December of 2012. Petitioner did not file her lawsuit in this matter until July of 2015. Therefore, the circuit court ruled that the negligence claims against these two Respondents were barred by the statute of limitations.

While Petitioner asserted eleven assignments of error in her brief to this Court, she did not allege, raise, or make any argument disputing the circuit court's

21

December 2018 ruling that the negligence claims against Respondent McBride and Respondent Uptown were barred by the two-year statute of limitations contained in W. Va. Code § 55-2-12. In their briefs to this Court, Respondents McBride and Uptown noted that Petitioner failed to contest this ruling, and asserted that it was therefore waived.

In Petitioner's reply brief, she responded to Respondent McBride's argument as follows:

> Respondent McBride claims that [Petitioner's] negligence [claim is] "time barred". . . . Respondent McBride has not tendered to this Honorable Court, and the agreed record for [Petitioner's] appeal omits, any evidence that he either (a) made a valid and timely affirmative defense on these claimed statutes of limitations or (b) perfected those issues for his own cross-appeal. Thus, for this appeal, this Honorable Court may not properly consider Respondent McBride's arguments on the proper statute of limitations or on its applicability to this case.[16]

(Footnote added).

Similarly, Petitioner's reply brief provides that Respondent Uptown "leans heavily on the incorrect statute of limitations. It is not two years for damage to property, it is ten years[.]" Petitioner's reply brief asserts, for the first time, that a ten-year statute of limitations applies to her negligence claims against Respondents McBride and Uptown. While Petitioner cites a statute in support of this argument in her reply brief, W. Va. Code

---

[16] We are perplexed by this argument and do not understand Petitioner's assertion that the circuit court's ruling in favor of Respondent McBride on the negligence claim is not properly before this Court because *Respondent McBride* failed to perfect the issue.

§ 55-2-6a (2015),[17] she does not 1) cite any caselaw explaining why this statute applies to her negligence claim; 2) explain why the circuit court erred by relying on the two-year statute of limitation contained in W. Va. Code § 55-2-12; or 3) explain why she did not contest the circuit court's December 2018 ruling applying the two-year statute of limitation in her petition for appeal or raise this as an assignment of error in her initial brief to this Court.

Upon review, we agree with Respondents that Petitioner has waived this issue. The circuit court entered summary judgment in favor of Respondent McBride and Respondent Uptown on the negligence claim on the basis that this claim was untimely. Petitioner did not contest this ruling in her petition for appeal or in her initial brief.

West Virginia Rule of Appellate Procedure 10(c)(3) requires Petitioner to include all assignments of error presented for review, which assignments must be

---

[17] W. Va. Code § 55-2-6a provides:

No action, whether in contract or in tort, for indemnity or otherwise, nor any action for contribution or indemnity to recover damages for any deficiency in the planning, design, surveying, observation or supervision of any construction or the actual construction of any improvement to real property, or the actual surveying of real property, or, to recover damages for any injury to real or personal property, or, for an injury to a person or for bodily injury or wrongful death arising out of the defective or unsafe condition of any improvement to real property, or the survey of real property, may be brought more than ten years after the performance or furnishing of the services or construction. However, the above period is tolled according to section twenty-one of this article. The period of limitation provided in this section does not commence until the improvement to the real property, or the survey of the real property in question has been occupied or accepted by the owner of the real property, whichever occurs first.

23

accompanied by "an argument exhibiting clearly the points of fact and law presented . . . citing the authorities relied on [.]" W.V.R.A.P. 10(c)(7). This Court has repeatedly stated that we ordinarily "will not address an assignment of error that was not raised in a petition for appeal." *Canterbury v. Laird*, 221 W. Va. 453, 458, 655 S.E.2d 199, 204 (2007); *see also Koerner v. W. Va. Dep't of Mil. Affs. & Pub. Safety*, 217 W. Va. 231, 617 S.E.2d 778 (2005) (refusing to consider an argument in Petitioner's brief that was not assigned as error in petition for appeal); *Holmes v. Basham*, 130 W. Va. 743, 45 S.E.2d 252 (1947) (same). Additionally, "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *LaRock*, 196 W. Va. at 302, 470 S.E.2d at 621. *See also* Syl. Pt. 6, *Addair v. Bryant*, 168 W. Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived."); *Morris v. Painter*, 211 W. Va. 681, 685, 567 S.E.2d 916, 920 (2002) (citing cases refusing to address issues not properly briefed or preserved for appeal); *In re Edward B.*, 210 W. Va. 621, 625 n. 2, 558 S.E.2d 620, 624 n. 2 (2001) ("Because the errors, as assigned in the Appellant's petition for appeal, were neither assigned nor argued in the Appellant's brief, they are hereby waived."); *Tiernan v. Charleston Area Med. Ctr., Inc.*, 203 W. Va. 135, 140 n. 10, 506 S.E.2d 578, 583 n. 10 (1998) ("Issues not raised on appeal or merely mentioned in passing are deemed waived.").

While we find that Petitioner has waived this issue, we emphasize that even if Petitioner had not waived this claim, Petitioner's reply brief does not include any caselaw

24

or offer any substantive explanation addressing why the circuit court erred when it determined that the two-year statute of limitations applied to her negligence claim against Respondent McBride and Respondent Uptown. Further, we note that in *Trafalgar House Construction, Inc. v. ZMM, Inc.,* 211 W. Va. 578, 583, 567 S.E.2d 294, 299 (2002), this Court found that "[u]nder West Virginia law, claims in tort for negligence, professional negligence, and misrepresentation (fraudulent or negligent) are governed by a two-year statute of limitation."[18]

---

[18] This Court addressed the purpose and scope of the statute relied on by Petitioner, W. Va. Code § 55-2-6a, in *Gibson v. West Virginia Department of Highways*, 185 W. Va. 214, 406 S.E.2d 440 (1991):

> The purpose of this type of statute of repose is to protect architects and builders from the increased exposure to liability as a result of the demise of the privity of contract defense. Without a statute of repose, a party injured because of a latent design or defect could sue an architect or builder many years after a construction project was completed. This could result in stale claims with a distinct possibility of loss of relevant evidence and witnesses.
>
> Because architects and builders were the ones primarily exposed to increased liability when privity of contract was abolished, we cannot fault our legislature for protecting this group. Furthermore, our statute is not so narrowly drawn as some in other jurisdictions. W. Va. Code, 55-2-6a, has a ten-year limitation and bars recovery in three general areas. The first relates to damages "for any deficiency in the planning, design, surveying, observation or supervision of any construction[.]" The second involves damages arising from "the actual construction of any improvement to real property[.]" The third area is "for an injury to a person or for bodily injury or wrongful death arising out of the defective or unsafe condition of any improvement to real property[.]"

*Id.* at 220, 406 S.E.2d at 446.

(continued . . .)

Based on the foregoing, we affirm the circuit court's ruling granting summary judgment to Respondent McBride and Respondent Uptown on the negligence claim.

The final issue is Petitioner's claim that the circuit court erred by denying her motion for summary judgment on her negligence claim against Respondent Zen's. Petitioner and Respondent Zen's filed cross-motions for summary judgment on the negligence claim. The circuit court denied both of these motions, ruling that "the issue of whether Zen's actions in grading the vacant lot and its actions after taking ownership of the lot are questions of fact that must be addressed at trial."

Upon review, we find that this is an interlocutory ruling that is not properly before this Court. "An order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable except in special instances in which an interlocutory order is appealable." Syl. Pt. 8, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of NY*, 148 W. Va. 160, 133 S.E.2d 770 (1963). This case does not present

Further, in *Stone v. United Engineering, a Division of Wean, Inc.,* 197 W. Va. 347, 475 S.E.2d 439 (1996), we observed that the "general purpose of statutes of repose [like W. Va. Code § 55-2-6a], . . . [is] to protect architects, builders and the like who have completed their jobs and who have relinquished access and control of the improvements." *Id.* at 355, 475 S.E.2d at 446 (internal citation and quotation omitted). We note that the alleged injury in this case does not stem from a latent design or defect that occurred many years after a construction project was complete. Instead, Petitioner was aware of the alleged injury to her building the morning after the fire occurred on Lot 5. Petitioner noted that her building was flooded and noted that it looked like a "warzone" the morning after the fire.

26

any special circumstance that would make the circuit court's interlocutory ruling appealable.  Therefore, we reject this assignment of error.

## IV. CONCLUSION

We affirm the circuit court's January 6, 2020, order.

Affirmed.